UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
--------------------------------------------------------------------------------x
SCHASHUNA D. WHYTE, on behalf of themselves and a class of
similarly situated individuals                                    COMPLAINT

                                                                  JURY TRIAL

                                                Plaintiffs,

                -against-

NEW YORK STATE POLICE; ELIOT LAURENCE SPITZER
as Former Governor; DAVID ALEXANDER PATERSON as Former
Governor; ANDREW MARK CUOMO as Former Governor;
KATHLEEN HOCHUL as Governor; JOHN DOES 1-10 as Former
Directors – New York State Governor's Office of Employee Relations;
MICHAEL N. VOLFORTE as Director – New York State Governor's
Office of Employee Relations; HARRY J. CORBETT as Former
Superintendent – New York State Police; JOSEPH A. D'AMIRCO
as Former Superintendent – New York State Police; GEORGE P.
BEACH, II as Former Superintendent – New York State Police;
KEITH M. CORLETT as Former Acting/Superintendent – New York
State Police; KEVIN P. BRUEN as Superintendent – New York
State Police; ROBERT A. WILLIS as Former Commander – Troop –
NYC; PAUL E. HOGAN as Former Commander – Troop – NYC;
DOUGLAS A. LARKIN as Commander – Troop – NYC and
MICHAEL A. RAMIREZ as Senior Investigator – Human Resources,
Southern Region each sued in their individual capacities
as employees of the New York State Police

                                                Defendants'
--------------------------------------------------------------------------------x

        Plaintiff SCHASHUNA D. WHYTE, through THE SANDERS FIRM, P.C., files this

federal complaint against Defendants' NEW YORK STATE POLICE; ELIOT LAURENCE

SPITZER; DAVID ALEXANDER PATERSON; ANDREW MARK CUOMO; KATHLEEN

HOCHUL; JOHN DOES 1-10; MICHAEL N. VOLFORTE; HARRY J. CORBETT; JOSEPH

A. D'AMIRCO; GEORGE P. BEACH, II; KEITH M. CORLETT; KEVIN P. BRUEN;

ROBERT A. WILLIS; PAUL E. HOGAN; DOUGLAS A. LARKIN and MICHAEL A.

RAMIREZ respectfully set forth and allege that:

## JURISDICTION AND VENUE

1.      The jurisdiction of this Court is invoked pursuant to 18 U.S.C. § 1965, 28 U.S.C. §§ 1331, 1343 and 2202 to secure protection of and to redress deprivation of rights secured by:

      a.      Title VII of the Civil Rights Act of 1964, as amended by the Pregnancy Discrimination Act of 1978;

      b.      Civil Rights Act of 1871, 42 U.S.C. § 1983;

      c.      New York State Executive Law § 296;

      d.      New York City Administrative Code § 8-107, as amended by the Pregnant Workers Fairness Act of 2014.

2.      The unlawful employment practices, violations of Plaintiff SCHASHUNA D. WHYTE'S civil rights complained of herein were committed within the Eastern, Northern and Southern Districts of New York.

## PROCEDURAL REQUIREMENTS

3.      Plaintiff SCHASHUNA D. WHYTE have filed suit with this Court within the applicable statute of limitations period.

4.      Plaintiff SCHASHUNA D. WHYTE alleges that on or about February 3, 2021, she filed a Charge of Discrimination with the United States Equal Employment Opportunity Commission (EEOC) several times including December 2021, and even called but, has never received an acknowledgment.

5.      Plaintiff SCHASHUNA D. WHYTE alleges that on or about December 6, 2021, she received an acknowledgment from the United States Postal Service Tracking Number: 9510813223541338433097 that the Charge of Discrimination was delivered and received by R.V.

6.      Plaintiff SCHASHUNA D. WHYTE is not required to exhaust any administrative

procedures prior to suit under the Civil Rights Act of 1871, New York State Executive Law § 296 or New York City Administrative Code § 8-107.

## RULE 23 OF THE FEDERAL RULES OF CIVIL PROCEDURE

### A. Class Definition

7.      Plaintiff SCHASHUNA D. WHYTE seek to maintain claims individually and on behalf of the following class:

> Nursing Mothers Class
> All female employees that have or will be employed with Defendant NEW YORK STATE POLICE from August 15, 2007, to the date of judgment that have the need or chooses to express milk during work hours (the "Nursing Mothers Class").

8.      Plaintiff SCHASHUNA D. WHYTE is a member of the proposed class (collectively, the "Rule 23 Class" or the "Rule 23 Class Members").

9.      Plaintiff SCHASHUNA D. WHYTE reserve the right to amend the definitions of the Rule 23 Class based on discovery or other legal developments.

10.     Plaintiff SCHASHUNA D. WHYTE alleges that the patterns, practices or policies described in this federal complaint demonstrate that pregnancy discrimination is common within the NYSP and shows that such unlawful conduct is part of its' operating patterns, practices or policies.

### B. Numerosity and Impracticality of Joinder

11.     Plaintiff SCHASHUNA D. WHYTE and the Rule 23 Class, upon information and belief, consist of more than 40, past, present and future female employees that fit within the class. The NYSP presently employs more than 5,000 employees. The Rule 23 Class Members are sufficiently numerous to make joinder impractical.

### C. Efficiency of Class Prosecution of the Rule 23 Class Claims

12.     Plaintiff SCHASHUNA D. WHYTE alleges that certification of the proposed Rule 23 Class is the most efficient and economical means of resolving the questions of law and fact that are common to the legal claims.

13.     Plaintiff SCHASHUNA D. WHYTE alleges that their individual claims require resolution of the common questions concerning whether within the NYSP co-workers, supervisors, managers and/or executives have engaged in a pattern or practice of pregnancy discrimination against female employees.

14.     Plaintiff SCHASHUNA D. WHYTE alleges that to obtain relief for herself and the other Rule 23 Class Members, they seek to establish the existence of systemic unlawful pregnancy discrimination within the NYSP.

15.     Without certification of the Rule 23 Class, the same evidence and related legal issues would be subject to a multitude of individual lawsuits in different forums with the attendant risk of inconsistent adjudications and conflicting outcomes.

16.     Plaintiff SCHASHUNA D. WHYTE alleges that certification of the Rule 23 Class is the most efficient means of presenting the evidence and arguments necessary to resolve the underlying issues for them, the other Rule 23 Class Members, and Defendant NEW YORK STATE POLICE (NYSP).

### D.     Common Questions of Law and Fact

17.     The claims alleged on behalf of the Rule 23 Class Members raise questions of law and facts common to each of the Rule 23 Class Members. These questions include inter alia, whether within the NYSP coworkers, supervisors, managers and/or executives:

- Treated nursing mothers differently from similarly situated non-nursing employees that resulted in unequal and adverse treatment in violation of federal, state and city law;

4

- Regularly failed to make reasonable accommodations for nursing mothers that required medically necessary absences;
- Implemented discretionary, subjective protocols and treatment that disfavors nursing mothers, nursing mothers that require accommodations due to pregnancy related complications;
- Implemented discretionary, subjective protocols and treatment that disfavors nursing mothers and their need or choice to express milk during work hours;
- Implemented discretionary, subjective protocols that relate to requests for time off, work absences or requests not to travel made by nursing mothers;
- Engaged in patterns, practices and/or policies fostering and resulting in systemic unlawful pregnancy discrimination against female employees with respect to their need or choice to express milk in the workplace;
- Engaged in repeat systemic marginalization and indifference towards nursing mothers who complained about pregnancy discrimination;
- Regularly subjected nursing mothers to hostility, ridicule, special rules and strict scrutiny;
- Regularly subjected nursing mothers to retaliatory actions including denying denial of reasonable accommodations, refusing to participate in the cooperative dialogue surrounding an accommodation request, etc.; and
- Failing to investigate or remedy complaints about pregnancy discrimination or otherwise ignored such complaints.

18.     Thus, the common question requirement of FRCP 23(a) is satisfied.

### E.     Typicality of Claims and Relief Sought

19.     Plaintiff SCHASHUNA D. WHYTE is a member of the Rule 23 Class she seeks to represent.

20.     Plaintiff SCHASHUNA D. WHYTE alleges that her claims are typical of the claims of the Rule 23 Class in that they all arise from the same unlawful patterns, practices and/or policies within the NYSP, and are based on the legal theory that these patterns, practices and/or policies violate legal rights protected by federal, state and local law.

21.     Plaintiff SCHASHUNA D. WHYTE allege that she and the other Rule 23 Class Members are each the victim of unlawful adverse employment decisions within the NYSP because they became pregnant during their employment.

22.     The relief Plaintiff SCHASHUNA D. WHYTE seek for the unlawful patterns, practices and/or policies within the NYSP is typical of the relief which is sought on behalf of the Rule 23 Class Members.

23.     Plaintiff SCHASHUNA D. WHYTE alleges that the pregnancy discrimination she experienced is typical of that experienced by the other Rule 23 Class Members.

24.     Within the NYSP, female employees who are or have been pregnant are subjected to a workplace culture dominated by male policymakers.

25.     The workplace culture has affected Plaintiff SCHASHUNA D. WHYTE and the other Rule 23 Class Members in the same or similar ways.

26.     Plaintiff SCHASHUNA D. WHYTE alleges that she and the other Rule 23 Class Members have been affected in the same or similar ways by the NYSP'S failure to investigate claims of pregnancy discrimination and its failure to promulgate and enforce adequate procedures designed to detect, monitor, and correct this pattern and practice of pregnancy discrimination.

27.     The relief necessary to remedy the legal claims of Plaintiff SCHASHUNA D. WHYTE is the same as claims of the other Rule 23 Class Members.

28.     Plaintiff SCHASHUNA D. WHYTE request individually and on behalf of the other Rule 23 Class Members, declaratory and injunctive relief.

29.     The request for a declaratory judgment is the same for Plaintiff SCHASHUNA D. WHYTE individually and the other Rule 23 Class Members, namely, that within the NYSP coworkers, supervisors, managers and/or executives engaged in discretionary, subjective protocols that disfavors female employees that require accommodations due to pregnancy related complications or employees that will need or choose to express milk during work hours.

30. The request for injunctive relief is the same for Plaintiff SCHASHUNA D. WHYTE individually and the other Rule 23 Class Members, namely, that a permanent injunction is ordered against these discriminatory practices, as well as an order for injunctive relief that mandates new policies and practices within the NYSP that cease such continuing pregnancy discrimination and ensures that such complaints will no longer be ignored or marginalized.

31. Thus, the typicality requirement of FRCP 23(a) is satisfied.

### F. Adequacy of Class Representation

32. The interests of Plaintiff SCHASHUNA D. WHYTE is the same as those of the other Rule 23 Class Members that she seeks to represent in the instant case.

33. Plaintiff SCHASHUNA D. WHYTE is willing and able to represent the Rule 23 Class Members fairly and vigorously as she pursues her similar individual claims.

34. Plaintiff SCHASHUNA D. WHYTE have retained counsel who is qualified and experienced in handling complex employment and civil rights matters, and is able to meet the time and fiscal demands necessary to litigate a class action of this size.

35. The combined interests, experience and resources of Plaintiff SCHASHUNA D. WHYTE and their counsel to competently litigate the individual and the Rule 23 Class claims satisfy the adequacy of representation requirement of FRCP 23(a).

### G. Requirements of Rule 23(b)(2)

36. Without class certification, the same evidence and related legal issues would be subject to re-litigation in a multitude of individual lawsuits with an attendant risk of inconsistent adjudications and conflicting outcomes.

37. Specifically, evidence of the NYSP'S patterns, practices and/or policies, and the issue of whether they are in violation of federal, state and local law would be repeatedly litigated.

38.    Accordingly, certification of the proposed Rule 23 Classes is the most efficient and judicious means of presenting the evidence and legal arguments necessary to resolve such questions for Plaintiff SCHASHUNA D. WHYTE, the other Rule 23 Class Members and the NYSP.

39.    Plaintiff SCHASHUNA D. WHYTE alleges that on behalf of herself and the other Rule 23 Class Members, within the NYSP the management promulgated and enforced rules that led to systemic patterns, practices and/or policies that are discriminatory towards pregnant female employees and nursing mothers that need or choose to express milk during work hours.

40.    These discriminatory acts are not sporadic or isolated, and must be addressed through final injunctive and declaratory relief with respect to Plaintiff SCHASHUNA D. WHYTE and the other Rule 23 Class Members.

41.    Declaratory and injunctive relief flow directly and automatically from proof of the common questions of law and fact regarding the existence of systemic pregnancy discrimination against the Rule 23 Class Members.

42.    Declaratory and injunctive relief are the factual and legal predicates for Plaintiff SCHASHUNA D. WHYTE and the other Rule 23 Class Members' entitlement to monetary and non-monetary remedies necessary to address the discriminatory conduct within the NYSP.

43.    Accordingly, injunctive and declaratory relief is among the predominant forms of relief sought in this case.

## H.    Requirements of Rule 23(b)(3)

44.    The common issues of fact and law affecting the Rule 23 Class claims, including, but not limited to, the common issues identified in the paragraphs above, predominate over issues affecting only Plaintiff SCHASHUNA D. WHYTE'S individual claims.

45.     A class action is superior to other available means for the fair and efficient adjudication of Plaintiff SCHASHUNA D. WHYTE'S claims and the claims of the other Rule 23 Class Members.

46.     The cost of proving within the NYSP'S pattern and practice of pregnancy discrimination makes it impractical for the Rule 23 Class Members to pursue their claims individually.

## I.     Requirements of Rule 23(c)(4)

47.     In the alternative, the Court may grant partial or issue certification pursuant to Rule 23(c)(4). Resolving common questions of fact and law would serve to materially advance litigation for all Rule 23 Class Members.

## SUMMARY OF THE RULE 23 CLASS CLAIMS

48.     Plaintiff SCHASHUNA D. WHYTE files this federal complaint to exhaust all class-based disparate treatment, class-based disparate impact, and all other class-based claims actionable against Defendant NEW YORK STATE POLICE under federal, state, and local laws that prohibit sex discrimination (including the Pregnancy Discrimination Act of 1978) in employment, including Title VII of the Civil Rights Act of 1964 ("Title VII"), as amended, 42 U.S.C. §§ 2000e, *et seq.*

49.     Plaintiff SCHASHUNA D. WHYTE files this federal complaint on behalf of herself and all similarly situated nursing mothers appointed[1] to the New York State Police ("NYSP") who claim that since August 15, 2007, Defendants' NEW YORK STATE POLICE; ELIOT LAURENCE SPITZER; DAVID ALEXANDER PATERSON; ANDREW MARK CUOMO;  JOHN DOES 1-10; MICHAEL N. VOLFORTE; HARRY J. CORBETT; JOSEPH A.

---

[1] For the purposes of this litigation, includes all nursing mothers employed with the NYSP uniformed and non-uniform personnel.

D'AMIRCO; GEORGE P. BEACH, II; KEITH M. CORLETT and KEVIN P. BRUEN and their agents have engaged in a pattern, practice and policy of failing and refusing to provide nursing mothers with reasonable break times and a proper location to express milk.

50.    Plaintiff SCHASHUNA D. WHYTE files this federal complaint on behalf of herself and all similarly situated nursing mothers and is intended to toll the Statute of Limitations who may have similar claims and to piggy-back on any prior charges that other individuals have filed challenging the same practices by Defendant NEW YORK STATE POLICE through its agents.

51.    Plaintiff SCHASHUNA D. WHYTE on behalf of herself and all similarly situated nursing mothers alleges that Lactation, the postpartum production of milk, is a physiological process triggered by hormones. *See generally* ARTHUR C. GUYTON, TEXTBOOK OF MED. PHYSIOLOGY 1039-40 (2006) (describing physiological processes by which milk production occurs).

52.    Plaintiff SCHASHUNA D. WHYTE on behalf of herself and all similarly situated nursing mothers alleges that Lactation is a pregnancy-related medical condition, less favorable treatment of a lactating employee may raise an inference of unlawful discrimination. *EEOC v. Houston Funding II, Ltd.*, 717 F.3d 425 (5th Cir. 2013) (lactation is a related medical condition of pregnancy for purposes of the PDA, and an adverse employment action motivated by the fact that a woman is lactating clearly imposes upon women a burden that male employees need not suffer).

53.    Plaintiff SCHASHUNA D. WHYTE on behalf of herself and all similarly situated nursing mothers alleges that to continue producing an adequate milk supply and to avoid painful

complications associated with delays in expressing milk,[2] a nursing mother will typically need to breastfeed or express breast milk using a pump two or three times over the duration of an eight-hour workday. *Breastfeeding,* U.S. DEP'T OF HEALTH & HUMAN SERVS., https://www.womenshealth.gov/breastfeeding.

54. Plaintiff SCHASHUNA D. WHYTE on behalf of herself and all similarly situated nursing mothers alleges that an employee must have the same freedom to address such lactation-related needs that she and her co-workers would have to address other similarly limiting medical conditions.

55. Plaintiff SCHASHUNA D. WHYTE on behalf of herself and all similarly situated nursing mothers alleges that because only women lactate, a practice that singles out lactation or breastfeeding for less favorable treatment affects only women and therefore is facially sex-based.

56. Plaintiff SCHASHUNA D. WHYTE on behalf of herself and all similarly situated nursing mothers alleges that it would violate Title VII for Defendant NEW YORK STATE POLICE through its agents to freely permit employees to use break time for personal reasons except to express breast milk.

57. Plaintiff SCHASHUNA D. WHYTE on behalf of herself and all similarly situated nursing mothers alleges that since August 15, 2007, under New York State Labor Law 206-c, Defendant NEW YORK STATE POLICE are required to provide reasonable unpaid break time or permit an employee to use paid break time or meal time each day to allow an employee to express breast milk for her nursing child for up to three years following child birth. Moreover, its

---

[2] *Overcoming Breastfeeding Problems,* U.S. NAT'L LIBRARY OF MED., http://www.nlm.nih.gov/medlineplus/ency/article/002452.htm); *see also,* DIANE WIESSINGER, THE WOMANLY ART OF BREASTFEEDING 385 (8th ed. 2010)

required to make reasonable efforts to provide a room or other location, near the work area, where an employee can express milk in privacy.

58.     Plaintiff SCHASHUNA D. WHYTE on behalf of herself and all similarly situated nursing mothers alleges that since August 15, 2007, Defendant NEW YORK STATE POLICE through its agents Defendants' ELIOT LAURENCE SPITZER; DAVID ALEXANDER PATERSON; ANDREW MARK CUOMO; JOHN DOES 1-10; MICHAEL N. VOLFORTE; HARRY J. CORBETT; JOSEPH A. D'AMIRCO; GEORGE P. BEACH, II; KEITH M. CORLETT; and KEVIN P. BRUEN and their agents have engaged in a pattern, practice and policy of failing and refusing to provide nursing mothers with reasonable break times and a proper location to express milk.

59.     Plaintiff SCHASHUNA D. WHYTE on behalf of herself and all similarly situated nursing mothers alleges that since August 15, 2007, she and other similarly situated female employees who are nursing mothers have to express milk in a female bathroom, have to pump in the female locker room, have to pump in department vehicles, have to pump in other department facilities, other locations, or cease to pump.

60.     Plaintiff SCHASHUNA D. WHYTE on behalf of herself and all similarly situated nursing mothers alleges that since August 15, 2007, Defendant NEW YORK STATE POLICE through its agents Defendants' ELIOT LAURENCE SPITZER; DAVID ALEXANDER PATERSON; ANDREW MARK CUOMO; JOHN DOES 1-10; MICHAEL N. VOLFORTE; HARRY J. CORBETT; JOSEPH A. D'AMIRCO; GEORGE P. BEACH, II; KEITH M. CORLETT; and KEVIN P. BRUEN and their agents have failed to provide re-sized protective vests due to changes in their breast size nor was it considered.

61.     Plaintiff SCHASHUNA D. WHYTE  on behalf of herself and all similarly situated nursing mothers alleges that since March 23, 2010, under The Patient Protection and Affordable Care Act (P.L. 111-148, known as the "Affordable Care Act") amended section 7 of the Fair Labor Standards Act ("FLSA"), Defendant NEW YORK STATE POLICE are required to provide "reasonable break time for an employee to express breast milk for her nursing child for 1 year after the child's birth each time such employee has need to express the milk."

62.     Plaintiff SCHASHUNA D. WHYTE on behalf of herself and all similarly situated nursing mothers alleges that since March 23, 2010, under the Affordable Care Act, Defendant NEW YORK STATE POLICE are required to provide "a place, other than a bathroom, that is shielded from view and free from intrusion from coworkers and the public, which may be used by an employee to express breast milk." *See* 29 U.S.C. 207(r).

63.     Plaintiff SCHASHUNA D. WHYTE on behalf of herself and all similarly situated nursing mothers alleges that since March 23, 2010, under the Affordable Care Act, the FLSA requirement of break time for nursing mothers to express breast milk does not preempt State Laws that provide greater protections to employees (for example, providing compensated break time, providing break time for exempt employees, or providing break time beyond 1 year after the child's birth).

64.     Plaintiff SCHASHUNA D. WHYTE  on behalf of herself and all similarly situated nursing mothers  alleges that since August 15, 2007, Defendant NEW YORK STATE POLICE through its agents Defendants' ELIOT LAURENCE SPITZER; DAVID ALEXANDER PATERSON; ANDREW MARK CUOMO; JOHN DOES 1-10; MICHAEL N. VOLFORTE; HARRY J. CORBETT; JOSEPH A. D'AMIRCO; GEORGE P. BEACH, II; KEITH M. CORLETT and KEVIN P. BRUEN and their agents are not in compliance under federal, state

and local laws that protects nursing mothers with reasonable break times and a proper location to express milk.

65.     Plaintiff SCHASHUNA D. WHYTE lives in Suffolk County, New York. Mrs. Whyte claims as a nursing mother appointed to the NYSP she and other similarly situated female employees who are nursing mothers have to express milk in a female bathroom, have to pump in the female locker room, have to pump in department vehicles, have to pump in other department facilities, other locations, or cease to pump. Mrs. Whyte claims that Defendant NEW YORK STATE POLICE and its' agents have engaged in a pattern, practice and policy of failing and refusing to provide nursing mothers with reasonable break times and a proper location to express milk.

**DEFENDANTS'**

66.     Defendant NEW YORK STATE POLICE is the employer for the purposes of this litigation, part of the Executive Branch and is engaged in the practice of law enforcement activities throughout the state and other related locations.

67.     Defendant ELIOT LAURENCE SPITZER as Former Governor

68.     Defendant DAVID ALEXANDER PATERSON as Former Governor

69.     Defendant ANDREW MARK CUOMO as Former Governor

70.     Defendant KATHLEEN HOCHUL as Governor

71.     Defendants' JOHN DOES 1-10 as Former Directors – New York State Governor's Office of Employee Relations

72.     Defendant MICHAEL N. VOLFORTE as Director – New York State Governor's Office of Employee Relations

73.     Defendant HARRY J. CORBETT as Former Superintendent – New York State Police

74.     Defendant JOSEPH A. D'AMIRCO as Former Superintendent – New York State Police

75.     Defendant GEORGE P. BEACH, II as Former Superintendent – New York State Police

76.     Defendant KEITH M. CORLETT as Former Acting/Superintendent – New York State Police

77.     Defendant KEVIN P. BRUEN as Superintendent – New York State Police

78.     Defendant ROBERT A. WILLIS as Former Commander – Troop – NYC

79.     Defendant PAUL E. HOGAN as Former Commander – Troop – NYC

80.     Defendant DOUGLAS A. LARKIN as Commander – Troop – NYC

81.     Defendant MICHAEL A. RAMIREZ as Senior Investigator – Human Resources, Southern Region

## PREGNANCY DISCRIMINATION ACT

### PDA Coverage

82.     Plaintiff SCHASHUNA D. WHYTE on behalf of herself and all similarly situated nursing mothers alleges that The Pregnancy Discrimination Act (PDA) is an amendment to Title VII of the Civil Rights Act of 1964.

83.     Plaintiff SCHASHUNA D. WHYTE on behalf of herself and all similarly situated nursing mothers alleges that under the PDA, discrimination based on pregnancy, childbirth, or related medical conditions constitutes unlawful sex discrimination in violation of Title VII.

84.     Plaintiff SCHASHUNA D. WHYTE on behalf of herself and all similarly situated nursing mothers alleges that under the PDA, women affected by pregnancy or related conditions must be treated in the same manner as other applicants or employees who are similar in their ability or inability to work.

### Discrimination Based on Lactation and Breastfeeding

85.     Plaintiff SCHASHUNA D. WHYTE on behalf of herself and all similarly situated nursing mothers alleges that Lactation, the postpartum production of milk, is a physiological process triggered by hormones. *See generally* ARTHUR C. GUYTON, TEXTBOOK OF MED. PHYSIOLOGY 1039-40 (2006) (describing physiological processes by which milk production occurs).

86.     Plaintiff SCHASHUNA D. WHYTE on behalf of herself and all similarly situated nursing mothers alleges that Lactation is a pregnancy-related medical condition, less favorable treatment of a lactating employee may raise an inference of unlawful discrimination. *EEOC v. Houston Funding II, Ltd.*, 717 F.3d 425 (5th Cir. 2013) (lactation is a related medical condition of pregnancy for purposes of the PDA, and an adverse employment action motivated by the fact that a woman is lactating clearly imposes upon women a burden that male employees need not suffer).

87.     Plaintiff SCHASHUNA D. WHYTE on behalf of herself and all similarly situated nursing mothers alleges that to continue producing an adequate milk supply and to avoid painful complications associated with delays in expressing milk,[3] a nursing mother will typically need to breastfeed or express breast milk using a pump two or three times over the duration of an eight-

---

[3] *Overcoming Breastfeeding Problems*, U.S. NAT'L LIBRARY OF MED., http://www.nlm.nih.gov/medlineplus/ency/article/002452.htm); *see also*, DIANE WIESSINGER, THE WOMANLY ART OF BREASTFEEDING 385 (8th ed. 2010)

hour workday. *Breastfeeding,* U.S. DEP'T OF HEALTH & HUMAN

SERVS., https://www.womenshealth.gov/breastfeeding.

88.     Plaintiff SCHASHUNA D. WHYTE on behalf of herself and all similarly situated nursing mothers alleges that an employee must have the same freedom to address such lactation-related needs that she and her co-workers would have to address other similarly limiting medical conditions.

89.     Plaintiff SCHASHUNA D. WHYTE on behalf of herself and all similarly situated nursing mothers alleges that because only women lactate, a practice that singles out lactation or breastfeeding for less favorable treatment affects only women and therefore is facially sex-based.

90.     Plaintiff SCHASHUNA D. WHYTE on behalf of herself and all similarly situated nursing mothers alleges that it would violate Title VII for Defendants' THE STATE OF NEW YORK and NEW YORK STATE POLICE through its agents ELIOT LAURENCE SPITZER; DAVID ALEXANDER PATERSON; ANDREW MARK CUOMO; JOHN DOES 1-10; MICHAEL N. VOLFORTE; HARRY J. CORBETT; JOSEPH A. D'AMIRCO; GEORGE P. BEACH, II; KEITH M. CORLETT; and KEVIN P. BRUEN and their agents to freely permit employees to use break time for personal reasons except to express breast milk.

**EVALUATING PDA-COVERED NYSP EMPLOYMENT DECISIONS**

**Disparate Treatment**

91.     Plaintiff SCHASHUNA D. WHYTE on behalf of herself and all similarly situated nursing mothers  alleges that since August 15, 2007, Defendants' THE STATE OF NEW YORK and NEW YORK STATE POLICE through its agents ELIOT LAURENCE SPITZER; DAVID ALEXANDER PATERSON; ANDREW MARK CUOMO; JOHN DOES 1-10; MICHAEL N. VOLFORTE; HARRY J. CORBETT; JOSEPH A. D'AMIRCO; GEORGE P. BEACH, II;

KEITH M. CORLETT; and KEVIN P. BRUEN and their agents have engaged in a pattern, practice and policy of failing and refusing to provide nursing mothers with reasonable break times and a proper location to express milk.

92. Plaintiff SCHASHUNA D. WHYTE on behalf of herself and all similarly situated nursing mothers alleges that under New York State Labor Law Section 206-c guarantees nursing mothers break time to pump breast milk at work.

93. Plaintiff SCHASHUNA D. WHYTE on behalf of herself and all similarly situated nursing mothers alleges that Defendants' THE STATE OF NEW YORK and NEW YORK STATE POLICE as employers are required but, is not in compliance with the New York State Labor Law Section 206-c.

94. Plaintiff SCHASHUNA D. WHYTE on behalf of herself and all similarly situated nursing mothers alleges that Defendants' THE STATE OF NEW YORK and NEW YORK STATE POLICE as employers are required but, DOES NOT inform female employees who are nursing mothers returning to work following the birth of a child about their right to take unpaid leave for pumping breast milk by placing a public poster in the workplace, promulgate a policy within the NYSP Members Manual, other related department documents or notifying the individual female employees in writing.

95. Plaintiff SCHASHUNA D. WHYTE on behalf of herself and all similarly situated nursing mothers alleges that Defendants' THE STATE OF NEW YORK and NEW YORK STATE POLICE as employers, are required but DOES NOT inform female employees who are nursing mothers that she may take break time to pump breast milk at work for up to three years following the birth of her child.

96. Plaintiff SCHASHUNA D. WHYTE on behalf of herself and all similarly situated nursing mothers alleges that Defendants' THE STATE OF NEW YORK and NEW YORK STATE POLICE as employers, are required but DOES NOT inform female employees who are nursing mothers they are entitled to at least 20 minutes for each break.

97. Plaintiff SCHASHUNA D. WHYTE on behalf of herself and all similarly situated nursing mothers alleges that Defendants' THE STATE OF NEW YORK and NEW YORK STATE POLICE as employers, are required but DOES NOT inform female employees who are nursing mothers that they may take shorter breaks if they chose.

98. Plaintiff SCHASHUNA D. WHYTE on behalf of herself and all similarly situated nursing mothers alleges that Defendants' THE STATE OF NEW YORK and NEW YORK STATE POLICE as employers, are required but DOES NOT inform female employees who are nursing mothers that they must be allowed more time if they need it.

99. Plaintiff SCHASHUNA D. WHYTE on behalf of herself and all similarly situated nursing mothers alleges that Defendants' THE STATE OF NEW YORK and NEW YORK STATE POLICE as employers, are required but DOES NOT allow female employees who are nursing mothers to take breaks at least once every three hours to pump breast milk.

100. Plaintiff SCHASHUNA D. WHYTE on behalf of herself and all similarly situated nursing mothers alleges that Defendants' THE STATE OF NEW YORK and NEW YORK STATE POLICE as employers, are required but DOES NOT inform female employees who are nursing mothers that they may take these breaks right before or after their regularly scheduled paid break or meal periods.

101. Plaintiff SCHASHUNA D. WHYTE on behalf of herself and all similarly situated nursing mothers alleges that Defendants' THE STATE OF NEW YORK and NEW YORK STATE

POLICE as employers, are required but DOES NOT inform female employees who are nursing mothers that if they take breaks to pump breast milk, it cannot deduct that time from her regular paid break or meal time.

102.    Plaintiff SCHASHUNA D. WHYTE on behalf of herself and all similarly situated nursing mothers alleges that Defendants' THE STATE OF NEW YORK and NEW YORK STATE POLICE as employers, are required but DOES NOT inform female employees who are nursing mothers they are entitled to work before or after their normal shifts to make up for the break time they take to pump breast milk, as long as that time falls within the employer's normal work hours.

103.    Plaintiff SCHASHUNA D. WHYTE on behalf of herself and all similarly situated nursing mothers alleges that Defendants' THE STATE OF NEW YORK and NEW YORK STATE POLICE as employers, are required but DOES NOT inform female employees who are nursing mothers they have the option of using their regular paid break or meal time to pump breast milk, but they are not required to do so.

104.    Plaintiff SCHASHUNA D. WHYTE on behalf of herself and all similarly situated nursing mothers alleges that Defendants' THE STATE OF NEW YORK and NEW YORK STATE POLICE as employers, are required but DOES NOT inform female employees who are nursing mothers it is required to provide employees with a private room or other location close to the employee's work area where they can pump breast milk, *unless* it would be extremely difficult for it to do so.

105.    Plaintiff SCHASHUNA D. WHYTE on behalf of herself and all similarly situated nursing mothers alleges that Defendants' THE STATE OF NEW YORK and NEW YORK STATE POLICE as employers, are required but DOES NOT inform female employees who are nursing

mothers if it cannot provide a dedicated lactation room, a temporarily vacant room may be used instead.

106. Plaintiff SCHASHUNA D. WHYTE on behalf of herself and all similarly situated nursing mothers alleges that Defendants' THE STATE OF NEW YORK and NEW YORK STATE POLICE as employers, are required but DOES NOT inform female employees who are nursing mothers as a last resort, a cubicle can be used, but it must be fully enclosed with walls at least seven feet tall.

107. Plaintiff SCHASHUNA D. WHYTE on behalf of herself and all similarly situated nursing mothers alleges that Defendants' THE STATE OF NEW YORK and NEW YORK STATE POLICE as employers, are required but DOES NOT inform female employees who are nursing mothers the room or location provided by an employer to pump breast milk cannot be a restroom or toilet stall.

108. Plaintiff SCHASHUNA D. WHYTE on behalf of herself and all similarly situated nursing mothers alleges that Defendants' THE STATE OF NEW YORK and NEW YORK STATE POLICE as employers, are required but DOES NOT inform female employees who are nursing mothers that the place where employees pump breast milk must contain a chair and small table or another flat surface.

109. Plaintiff SCHASHUNA D. WHYTE on behalf of herself and all similarly situated nursing mothers alleges that Defendants' THE STATE OF NEW YORK and NEW YORK STATE POLICE as employers, are required but DOES NOT inform female employees who are nursing mothers that The Department of Labor encourages employers to provide, in addition, an electrical outlet, clean water supply, and access to a refrigerator where nursing mothers can store pumped milk.

110. Plaintiff SCHASHUNA D. WHYTE on behalf of herself and all similarly situated nursing mothers alleges that Defendants' THE STATE OF NEW YORK and NEW YORK STATE POLICE as employers, are required but DOES NOT inform female employees who are nursing mothers that the room or place provided by the employer cannot be open to other employees, customers, or members of the public while an employee is pumping breast milk.

111. Plaintiff SCHASHUNA D. WHYTE on behalf of herself and all similarly situated nursing mothers alleges that Defendants' THE STATE OF NEW YORK and NEW YORK STATE POLICE as employers, are required but DOES NOT inform female employees who are nursing mothers it should have a door with a functional lock, or in the case of a cubicle, a sign warning the location is in use and not accessible to others.

112. Plaintiff SCHASHUNA D. WHYTE on behalf of herself and all similarly situated nursing mothers alleges that Defendants' THE STATE OF NEW YORK and NEW YORK STATE POLICE as employers, are required but DOES NOT inform female employees who are nursing mothers that employers may not discriminate or retaliate in any way against any employee who chooses to pump breast milk in the workplace or who files a complaint with the Department of Labor.

113. Plaintiff SCHASHUNA D. WHYTE on behalf of herself and all similarly situated nursing mothers alleges that Defendants' THE STATE OF NEW YORK and NEW YORK STATE POLICE as employers, are required but DOES NOT inform female employees who are nursing mothers that any party may file a confidential complaint with the United States Equal Employment Opportunity Commission, United States Department of Labor and/or the New York State Department of Labor's Division of Labor Standards alleging non-compliance with the law.

114.     Plaintiff SCHASHUNA D. WHYTE on behalf of herself and all similarly situated nursing mothers alleges that since March 23, 2010, under The Patient Protection and Affordable Care Act (P.L. 111-148, known as the "Affordable Care Act") amended section 7 of the Fair Labor Standards Act ("FLSA"), Defendants' THE STATE OF NEW YORK and NEW YORK STATE POLICE are required to provide "reasonable break time for an employee to express breast milk for her nursing child for 1 year after the child's birth each time such employee has need to express the milk."

115.     Plaintiff SCHASHUNA D. WHYTE on behalf of herself and all similarly situated nursing mothers alleges that since March 23, 2010, under the Affordable Care Act, Defendants' THE STATE OF NEW YORK and NEW YORK STATE POLICE are required to provide "a place, other than a bathroom, that is shielded from view and free from intrusion from coworkers and the public, which may be used by an employee to express breast milk." *See* 29 U.S.C. 207(r).

116.     Plaintiff SCHASHUNA D. WHYTE on behalf of herself and all similarly situated nursing mothers alleges that since March 23, 2010, under the Affordable Care Act, the FLSA requirement of break time for nursing mothers to express breast milk does not preempt State Laws that provide greater protections to employees (for example, providing compensated break time, providing break time for exempt employees, or providing break time beyond 1 year after the child's birth).

117.     Plaintiff SCHASHUNA D. WHYTE on behalf of herself and all similarly situated nursing mothers alleges that since August 15, 2007, Defendants' THE STATE OF NEW YORK and NEW YORK STATE POLICE through its agents ELIOT LAURENCE SPITZER; DAVID ALEXANDER PATERSON; ANDREW MARK CUOMO; JOHN DOES 1-10; MICHAEL N. VOLFORTE; HARRY J. CORBETT; JOSEPH A. D'AMIRCO; GEORGE P. BEACH, II;

KEITH M. CORLETT; and KEVIN P. BRUEN and their agents have not formulated and distribute a department-wide bulletin regarding a nursing mothers legal right to express milk in the workplace.

118.   Plaintiff SCHASHUNA D. WHYTE on behalf of herself and all similarly situated nursing mothers  alleges that since August 15, 2007, Defendants' THE STATE OF NEW YORK and NEW YORK STATE POLICE through its agents through its agents ELIOT LAURENCE SPITZER; DAVID ALEXANDER PATERSON; ANDREW MARK CUOMO; JOHN DOES 1-10; MICHAEL N. VOLFORTE; HARRY J. CORBETT; JOSEPH A. D'AMIRCO; GEORGE P. BEACH, II; KEITH M. CORLETT; and KEVIN P. BRUEN and their agents are not in compliance under federal, state and local laws that protects nursing mothers with reasonable break times and a proper location to express milk.

**Hostile Work Environment**

119.   Plaintiff SCHASHUNA D. WHYTE on behalf of herself and all similarly situated nursing mothers alleges that under the PDA, an employer must provide a work environment free of harassment based on pregnancy, childbirth, or related medical conditions.

120.   Plaintiff SCHASHUNA D. WHYTE on behalf of herself and all similarly situated nursing mothers alleges that an employer's failure to do so violates the statute.

121.   Plaintiff SCHASHUNA D. WHYTE on behalf of herself and all similarly situated nursing mothers alleges that liability can result from the conduct of a supervisor, co-workers, or non-employees such as customers or business partners over whom the employer has some control.[4]

---

[4] For more detailed guidance on what constitutes unlawful harassment and when employers can be held liable for unlawful harassment, see EEOC Enforcement Guidance: *Vicarious Employer Liability for Unlawful Harassment by Supervisors* (June 18, 1999), *available at* http://www.eeoc.gov/policy/docs/harassment.html; *Enforcement Guidance on Harris v. Forklift Sys., Inc.* (Mar, 8, 1994), *available at* http://www.eeoc.gov/policy/docs/harris.html; EEOC *Policy Guidance on Current Issues of Sexual Harassment* (Mar. 19,1990), *available at* http://www.eeoc.gov/policy/docs/currentissues.html; 29 C.F.R. § 1604.11.

122. Plaintiff SCHASHUNA D. WHYTE on behalf of herself and all similarly situated nursing mothers alleges that as a nursing mother appointed to the NYSP she has to express milk in a female bathroom, have to pump in the female locker room, have to pump in department vehicles, have to pump in other department facilities, other locations, or cease to pump

123. Plaintiff SCHASHUNA D. WHYTE on behalf of herself and all similarly situated nursing mothers alleges that as nursing mothers appointed to the NYSP their supervisors and co-workers subjected them to jeers, sarcastic comments, ostracization, ridicule, supervisors subjected them to extra scrutiny, extra burdens to document and prove their personal breaks, etc.

124. Plaintiff SCHASHUNA D. WHYTE on behalf of herself and all similarly situated nursing mothers asserts their supervisors and co-workers subjected them to this harassment because of their statuses as nursing mothers.

125. Plaintiff SCHASHUNA D. WHYTE on behalf of herself and all similarly situated nursing mothers alleges that they experienced severe engorgement, Mastitis, Emotional Distress and/or cessation of their milk supply.

**INDIVIDUAL CLAIMS**

**Plaintiff SCHASHUNA D. WHYTE**

**Failure to Protect Pregnancy and Related Lactation Rights**

126. Plaintiff SCHASHUNA D. WHYTE alleges that while assigned to Troop – NYC, since September 2017, Defendants' NEW YORK STATE POLICE; ANDREW MARK CUOMO; JOHN DOES 1-10; MICHAEL N. VOLFORTE; GEORGE P. BEACH, II; KEITH M. CORLETT; KEVIN P. BRUEN; ROBERT A. WILLIS; PAUL E. HOGAN; DOUGLAS A. LARKIN and MICHAEL A. RAMIREZ have failed and refused to provide her and other similarly

situated female employees who are nursing mothers with a proper location to express milk she experienced severe engorgement, Mastitis and Emotional Distress.

127. Plaintiff SCHASHUNA D. WHYTE alleges that while assigned to Troop – NYC, since September 2017, Defendants' NEW YORK STATE POLICE; ANDREW MARK CUOMO; JOHN DOES 1-10; MICHAEL N. VOLFORTE; GEORGE P. BEACH, II; KEITH M. CORLETT; KEVIN P. BRUEN; ROBERT A. WILLIS; PAUL E. HOGAN; DOUGLAS A. LARKIN and MICHAEL A. RAMIREZ have failed and refused to provide her and other similarly situated female employees who are nursing mothers with a proper location to express milk she had to pump in police vehicles, other government or private bathrooms which were humiliating, uncomfortable, unsanitary and unsafe or not at all.

128. Plaintiff SCHASHUNA D. WHYTE alleges that while assigned to Troop – NYC, since September 2017, Defendants' THE STATE OF NEW YORK; NEW YORK STATE POLICE; ANDREW MARK CUOMO; JOHN DOES 1-10; MICHAEL N. VOLFORTE; GEORGE P. BEACH, II; KEITH M. CORLETT; KEVIN P. BRUEN; ROBERT A. WILLIS; PAUL E. HOGAN; DOUGLAS A. LARKIN and MICHAEL A. RAMIREZ have failed and refused to provide her and other similarly situated female employees who are nursing mothers with a proper storge location; therefore, she placed the expressed milk in a portable lunch bag with ice and stored it inside of her assigned police vehicle.

129. Plaintiff SCHASHUNA D. WHYTE alleges that on or about October 24, 2016, she was appointed as a trooper with the New York State Police and assigned to the Police Academy.

130. Plaintiff SCHASHUNA D. WHYTE alleges that while assigned as a trooper in training, based upon her observations, it was evident that the New York State Police and its culture does not respect its female employees.

131. Plaintiff SCHASHUNA D. WHYTE alleges that while assigned as a trooper in training, she learned that the New York State Police did not provide maternity leave.

132. Plaintiff SCHASHUNA D. WHYTE alleges that in or around August 2017, upon graduation from the Police Academy, she was transferred to Troop – NYC, Station SP Bronx under the command of Defendant ROBERT A. WILLIS.

133. Plaintiff SCHASHUNA D. WHYTE alleges that in or around September 2017, while assigned to Troop – NYC, she learned of her pregnancy but was afraid to notify Defendants' ROBERT A. WILLIS, GEORGE P. BEACH, II or the New York State Governor's Office of Employee Relations because of the cultural lack of respect shown to female employees.

134. Plaintiff SCHASHUNA D. WHYTE alleges that although the uniform and duty belt no longer properly fitted her, she opted to continue handling patrol assignments threatening her and the public safety.

135. Plaintiff SCHASHUNA D. WHYTE alleges that eventually, she confided in Station Commander Sergeant Wallace Gray.

136. Plaintiff SCHASHUNA D. WHYTE alleges that although there was no maternity policy in place, Station Commander Sergeant Wallace Gray tried to accommodate her with an administrative assignment.

137. Plaintiff SCHASHUNA D. WHYTE alleges that shortly thereafter, Station Commander Sergeant Wallace Gray through channels to Defendant ROBERT A. WILLIS requested she receive a modified assignment due to her pregnancy.

138. Plaintiff SCHASHUNA D. WHYTE alleges that shortly thereafter, upon information and belief, Defendant ROBERT A. WILLIS authorized her to handle communications Station SP Wards Island.

139. Plaintiff SCHASHUNA D. WHYTE alleges that while assigned to handle communications, she noticed that there were several light and full duty troopers the majority whom were male.

140. Plaintiff SCHASHUNA D. WHYTE alleges that such assignments can be used to easily accommodate pregnant female employees but, as an agency such accommodations are rarely if ever granted.

141. Plaintiff SCHASHUNA D. WHYTE alleges that between November 2017 and December 2017, while assigned to Station SP Bronx, on at least one occasion, in the presence of Trooper Evantz Charmont, Sergeant Matthew Dolen told her paraphrase, "If it were up to him, she would be on patrol because according to the manual, since she was 3 months pregnant instead of 5 months, she should be on the road or home if you are not fit for duty I don't care."

142. Plaintiff SCHASHUNA D. WHYTE alleges that between November 2017 and December 2017, while assigned to Station SP Bronx, Trooper Evantz Charmont informed her that Sergeant Matthew Dolen made similar nasty, insensitive, mean-spirited comments outside of her presence.

143. Plaintiff SCHASHUNA D. WHYTE alleges that she was devastated by Sergeant Matthew Dolen's nasty, insensitive, mean-spirited comments which only reinforced her belief female employees are not respected within the culture of the New York State Police.

144. Plaintiff SCHASHUNA D. WHYTE alleges that shortly thereafter, she confided in Trooper Tamesha Edmonson and she in turn communicated the conversation to SP Bronx

Commander Sergeant Wallace Gray and Zone Sergeant Randy Smith. They were equally appalled but, afraid to report Sergeant Matthew Dolen's conduct.

145.　Plaintiff SCHASHUNA D. WHYTE alleges that although there was no maternity policy in place, SP Bronx Commander Wallace Gray tried to accommodate her with an administrative assignment.

146.　Plaintiff SCHASHUNA D. WHYTE alleges that shortly thereafter, SP Bronx Commander Wallace Gray through channels to Defendant ROBERT A. WILLIS requested she receive a modified assignment due to her pregnancy.

147.　Plaintiff SCHASHUNA D. WHYTE, alleges that shortly thereafter, SP Bronx Commander Wallace Gray informed her that Defendant ROBERT A. WILLIS authorized her transfer to Station SP Wards Island to handle communications.

148.　Plaintiff SCHASHUNA D. WHYTE alleges that shortly thereafter, upon information and belief, Defendant ROBERT A. WILLIS authorized her to handle communications.

149.　Plaintiff SCHASHUNA D. WHYTE alleges that while assigned to handle communications, she noticed that there were several light and full duty troopers the majority whom were male.

150.　Plaintiff SCHASHUNA D. WHYTE alleges that such assignments can be used to easily accommodate pregnant female employees but, as an agency such accommodations are rarely if ever granted.

151.　Plaintiff SCHASHUNA D. WHYTE alleges that on about February 7, 2018, due to complications with the pregnancy, her OB/GYN recommended that she continue working a light duty assignment but, closer to home in case of an emergency.

152.    Plaintiff SCHASHUNA D. WHYTE alleges that shortly thereafter, she immediately requested a Hardship Transfer to the Troop – L, Station SP Farmingdale to handle communications through channels to Defendant ROBERT A. WILLIS.

153.    Plaintiff SCHASHUNA D. WHYTE alleges that shortly thereafter, upon information and belief, ROBERT A. WILLIS authorized her transfer to the Troop – L, Station SP Farmingdale to handle communications.

154.    Plaintiff SCHASHUNA D. WHYTE alleges that while assigned to handle communications, she noticed that there were several light and full duty troopers the majority whom were male.

155.    Plaintiff SCHASHUNA D. WHYTE alleges that such assignments can be used to easily accommodate pregnant female employees but, as an agency such accommodations are rarely if ever granted.

156.    Plaintiff SCHASHUNA D. WHYTE alleges that on or about May 30, 2018, after giving birth, she commenced her leave without pay.

157.    Plaintiff SCHASHUNA D. WHYTE alleges that in or around February 2019, she was reassigned to Troop – NYC, Station SP Manhattan to handle communications under the command of Defendant PAUL E. HOGAN.

158.    Plaintiff SCHASHUNA D. WHYTE alleges that from February 2019 through July 2019, Defendant NEW YORK STATE POLICE through Defendants' KEITH M. CORLETT and PAUL E. HOGAN and their agents engaged in a pattern, practice and policy of failing and refusing to provide nursing mothers with reasonable break times and a proper location to express milk.

159.     Plaintiff SCHASHUNA D. WHYTE alleges that under New York State Labor Law Section 206-c guarantees nursing mothers break time to pump breast milk at work; however, Defendant NEW YORK STATE POLICE through Defendants' KEITH M. CORLETT and PAUL E. HOGAN and their agents failed to follow the law.

160.     Plaintiff SCHASHUNA D. WHYTE that Defendant NEW YORK STATE POLICE as employers are required but, were not in compliance with the New York State Labor Law Section 206-c.

161.     Plaintiff SCHASHUNA D. WHYTE alleges that Defendant NEW YORK STATE POLICE through Defendants' KEITH M. CORLETT and PAUL E. HOGAN and their agents DID NOT inform her as a nursing mother returning to work following the birth of a child about her legal right to take unpaid leave for pumping breast milk by placing a public poster in the workplace, promulgate a policy within the NYSP Members Manual, other related department documents or notifying her in writing.

162.     Plaintiff SCHASHUNA D. WHYTE alleges that Defendant NEW YORK STATE POLICE through Defendants' KEITH M. CORLETT and PAUL E. HOGAN and their agents DID NOT inform her as a nursing mother that she was entitled to take break time to pump breast milk at work for up to three years following the birth of her child.

163.     Plaintiff SCHASHUNA D. WHYTE alleges that Defendant NEW YORK STATE POLICE through Defendants' KEITH M. CORLETT and PAUL E. HOGAN and their agents DID NOT inform her that as a nursing mother she was entitled to at least 20 minutes for each break.

164.     Plaintiff SCHASHUNA D. WHYTE alleges that Defendant NEW YORK STATE POLICE through Defendants' KEITH M. CORLETT and PAUL E. HOGAN and their agents

DID NOT inform her that as a nursing mother that she was entitled to take shorter breaks she chooses.

165. Plaintiff SCHASHUNA D. WHYTE alleges that Defendant NEW YORK STATE POLICE through Defendants' KEITH M. CORLETT and PAUL E. HOGAN and their agents DID NOT inform her as a nursing mother that she was entitled to more time if she needed it.

166. Plaintiff SCHASHUNA D. WHYTE alleges that Defendant NEW YORK STATE POLICE through Defendants' KEITH M. CORLETT and PAUL E. HOGAN and their agents DID NOT allow her as a nursing mother to take breaks at least once every three hours to pump breast milk.

167. Plaintiff SCHASHUNA D. WHYTE alleges that Defendant NEW YORK STATE POLICE through Defendants' KEITH M. CORLETT and PAUL E. HOGAN and their agents DID NOT inform her as a nursing mother that she was entitled to take these breaks right before or after her regularly scheduled paid break or meal periods.

168. Plaintiff SCHASHUNA D. WHYTE alleges that Defendant NEW YORK STATE POLICE through Defendants' KEITH M. CORLETT and PAUL E. HOGAN and their agents DID NOT inform her as a nursing mother that if she took breaks to pump breast milk, it cannot deduct that time from her regular paid break or meal time.

169. Plaintiff SCHASHUNA D. WHYTE alleges that Defendant NEW YORK STATE POLICE through Defendants' KEITH M. CORLETT and PAUL E. HOGAN and their agents DID NOT inform her as a nursing mother that she was entitled to work before or after her normal shifts to make up for the break time she take to pump breast milk, as long as that time falls within the employer's normal work hours.

170. Plaintiff SCHASHUNA D. WHYTE alleges that Defendant NEW YORK STATE POLICE through Defendants' KEITH M. CORLETT and PAUL E. HOGAN and their agents DID NOT inform her as a nursing mother that she had the option of using her regular paid break or meal time to pump breast milk, but she's required to do so.

171. Plaintiff SCHASHUNA D. WHYTE alleges that Defendant NEW YORK STATE POLICE through Defendants' KEITH M. CORLETT and PAUL E. HOGAN and their agents DID NOT inform her as a nursing mother that they were required to provide her with a private room or other location close to her work area where she could pump breast milk, *unless* it would be extremely difficult for it to do so.

172. Plaintiff SCHASHUNA D. WHYTE alleges that Defendant NEW YORK STATE POLICE through Defendants' KEITH M. CORLETT and PAUL E. HOGAN and their agents DID NOT inform her as a nursing mother if it could not provide a dedicated lactation room, a temporarily vacant room may be used instead.

173. Plaintiff SCHASHUNA D. WHYTE alleges that Defendant NEW YORK STATE POLICE through Defendants' KEITH M. CORLETT and PAUL E. HOGAN and their agents DID NOT inform her as a nursing mother as a last resort, a cubicle can be used, but it must be fully enclosed with walls at least seven feet tall.

174. Plaintiff SCHASHUNA D. WHYTE alleges that Defendant NEW YORK STATE POLICE through Defendants' KEITH M. CORLETT and PAUL E. HOGAN and their agents DID NOT inform her as a nursing mother the room or location provided by the employer to pump breast milk cannot be a restroom or toilet stall.

175. Plaintiff SCHASHUNA D. WHYTE alleges that Defendant NEW YORK STATE POLICE through Defendants' KEITH M. CORLETT and PAUL E. HOGAN and their agents

DID NOT inform her as a nursing mother that the place where she pump breast milk must contain a chair and small table or another flat surface.

176. Plaintiff SCHASHUNA D. WHYTE alleges that Defendant NEW YORK STATE POLICE through Defendants' KEITH M. CORLETT and PAUL E. HOGAN and their agents DID NOT inform her as a nursing mother that The Department of Labor encourages employers to provide, in addition, an electrical outlet, clean water supply, and access to a refrigerator where nursing mothers can store pumped milk.

177. Plaintiff SCHASHUNA D. WHYTE alleges that Defendant NEW YORK STATE POLICE through Defendants' KEITH M. CORLETT and PAUL E. HOGAN and their agents DID NOT inform her as a nursing mother that the room or place provided by the employer cannot be open to other employees, customers, or members of the public while an employee is pumping breast milk.

178. Plaintiff SCHASHUNA D. WHYTE alleges that Defendant NEW YORK STATE POLICE through Defendants' KEITH M. CORLETT and PAUL E. HOGAN and their agents DID NOT inform her as a nursing mother it should have a door with a functional lock, or in the case of a cubicle, a sign warning the location is in use and not accessible to others.

179. Plaintiff SCHASHUNA D. WHYTE alleges that Defendant NEW YORK STATE POLICE through Defendants' KEITH M. CORLETT and PAUL E. HOGAN and their agents DID NOT inform her as a nursing mother that employers may not discriminate or retaliate in any way against any employee who chooses to pump breast milk in the workplace or who files a complaint with the Department of Labor.

180. Plaintiff SCHASHUNA D. WHYTE alleges that Defendant NEW YORK STATE POLICE through Defendants' KEITH M. CORLETT and PAUL E. HOGAN and their agents

DID NOT inform her as a nursing mother that any party may file a confidential complaint with the United States Equal Employment Opportunity Commission, United States Department of Labor and/or the New York State Department of Labor's Division of Labor Standards alleging non-compliance with the law.

181.    Plaintiff SCHASHUNA D. WHYTE alleges that since March 23, 2010, under The Patient Protection and Affordable Care Act (P.L. 111-148, known as the "Affordable Care Act") amended section 7 of the Fair Labor Standards Act ("FLSA"), Defendants' THE STATE OF NEW YORK and NEW YORK STATE POLICE through KEITH M. CORLETT and PAUL E. HOGAN and their agents were required to provide "reasonable break time for an employee to express breast milk for her nursing child for 1 year after the child's birth each time such employee has need to express the milk."

182.    Plaintiff SCHASHUNA D. WHYTE alleges that since March 23, 2010, under the Affordable Care Act, Defendant NEW YORK STATE POLICE through Defendants' KEITH M. CORLETT and PAUL E. HOGAN and their agents were required to provide "a place, other than a bathroom, that is shielded from view and free from intrusion from coworkers and the public, which may be used by an employee to express breast milk." *See* 29 U.S.C. 207(r).

183.    Plaintiff SCHASHUNA D. WHYTE alleges that since March 23, 2010, under the Affordable Care Act, the FLSA requirement of break time for nursing mothers to express breast milk does not preempt State Laws that provide greater protections to employees (for example, providing compensated break time, providing break time for exempt employees, or providing break time beyond 1 year after the child's birth).

184.     Plaintiff SCHASHUNA D. WHYTE alleges that Defendant NEW YORK STATE POLICE through Defendants' KEITH M. CORLETT and PAUL E. HOGAN failed to provide her with a re-sized protective vest due to changes in her breast size nor was it considered.

185.     Plaintiff SCHASHUNA D. WHYTE alleges that Defendant NEW YORK STATE POLICE through Defendants' KEITH M. CORLETT and PAUL E. HOGAN failed to provide her with break time to express milk, she would occasionally excuse herself to express milk that led to physiological complications including severe engorgement, Mastitis, lack of production and emotional distress.

186.     Plaintiff SCHASHUNA D. WHYTE alleges that Defendant NEW YORK STATE POLICE through Defendants' KEITH M. CORLETT and PAUL E. HOGAN failed to provide with a lactation space; therefore, she expressed milk in a storage room which is humiliating, uncomfortable, unsanitary and unsafe or not at all.

187.     Plaintiff SCHASHUNA D. WHYTE alleges that Defendant NEW YORK STATE POLICE through Defendants' KEITH M. CORLETT and PAUL E. HOGAN failed to provide with a storge location; therefore, she placed the expressed milk in a portable lunch bag with ice and stored it inside of her assigned police vehicle.

188.     Plaintiff SCHASHUNA D. WHYTE alleges that a short time later, she was reassigned to Station SP Bronx to resume her patrol duties.

189.     Plaintiff SCHASHUNA D. WHYTE alleges that after resuming her patrol duties, from February 2019 through July 2019, Defendant NEW YORK STATE POLICE through Defendants' KEITH M. CORLETT and PAUL E. HOGAN failed to provide her with a private lactation space; therefore, she expressed milk in the police vehicle, other government or private bathrooms which were uncomfortable, unsanitary and unsafe or not at all.

190.     Plaintiff SCHASHUNA D. WHYTE alleges that from February 2019 through July 2019, Defendant NEW YORK STATE POLICE through Defendants' KEITH M. CORLETT and PAUL E. HOGAN failed to provide her with a storge location; therefore, she placed the expressed milk in a portable lunch bag with ice and stored it inside of her assigned police vehicle.

191.     Plaintiff SCHASHUNA D. WHYTE alleges that from July 2019 through September 2019, she was on military leave attending the United States Army's Officer Candidate School. Upon completion, she was awarded the rank of second lieutenant.

192.     Plaintiff SCHASHUNA D. WHYTE alleges that in or around September 2019, she resumed her patrol assignment with Troop – NYC, Station SP Bronx.

193.     Plaintiff SCHASHUNA D. WHYTE alleges that from May 2020 through August 2020, she was on military leave attending the United States Army's Basic Officer Leadership Course.

194.     Plaintiff SCHASHUNA D. WHYTE alleges that in or around August 2020, she resumed her patrol assignment with Troop – NYC, Station SP Bronx.

195.     Plaintiff SCHASHUNA D. WHYTE alleges that on or around October 23, 2020, while assigned to Station BP Bronx, she learned of her pregnancy but was afraid to notify Defendants' DOUGLAS A. LARKIN; KEVIN P. BRUEN or the New York State Governor's Office of Employee Relations because of the cultural lack of respect shown to female employees.

196.     Plaintiff SCHASHUNA D. WHYTE alleges that eventually, she confided in Station Commander Sergeant Wallace Gray and Sergeant Richard St. Preux.

197. Plaintiff SCHASHUNA D. WHYTE alleges that although there was no maternity policy in place, Station Commander Sergeant Wallace Gray tried to accommodate her with an administrative assignment.

198. Plaintiff SCHASHUNA D. WHYTE alleges that shortly thereafter, Station Commander Sergeant Wallace Gray through channels to Defendant DOUGLAS A. LARKIN requested she receive a modified assignment due to her high-risk pregnancy.

199. Plaintiff SCHASHUNA D. WHYTE alleges that on or about December 10, 2020, Sergeant Richard St. Preux notified her that Defendant DOUGLAS A. LARKIN approved her request for a modified assignment.

200. Plaintiff SCHASHUNA D. WHYTE alleges that on or about December 11, 2020, she had a conversation with Technical Sergeant Joseph S. Curto, Troop – L, under the authority of Commanding Officer Major George J. Mohl, Troop – L, notified her that her request for modified assignment was granted.

201. Plaintiff SCHASHUNA D. WHYTE alleges that in a conversation with Technical Sergeant Joseph S. Curto, he offered her several choices.

202. Plaintiff SCHASHUNA D. WHYTE alleges that on or about December 15, 2020, Sergeant Richard St. Preux and Technical Sergeant Joseph S. Curto notified her that effective immediately, she would be transferred to Troop – L, Station SP Farmingdale to handle communications.

203. Plaintiff SCHASHUNA D. WHYTE alleges that later that evening, Sergeant Richard St. Preux notified her that Lieutenant Christopher M. Kyle, Troop – NYC rescinded her transfer to Troop – L and her option were to return to the road or use her personal sick leave until evaluated by the Division doctor.

204. Plaintiff SCHASHUNA D. WHYTE alleges that she was devastated by the nasty, insensitive, mean-spirited treatment which only reinforced her belief female employees are not respected within the culture of the New York State Police.

205. Plaintiff SCHASHUNA D. WHYTE alleges that on or about December 15, 2020, she was assigned to the Aqueduct Covid-19 Test Site although her uniform and duty belt no longer properly fitted her, threatening her and the public safety.

206. Plaintiff SCHASHUNA D. WHYTE alleges that she had to borrow trousers from Trooper Robert Rosario and Sergeant Richard St. Preux, then responded to her post.

207. Plaintiff SCHASHUNA D. WHYTE alleges that while on post, she had few if any breaks.

208. Plaintiff SCHASHUNA D. WHYTE alleges that on or about December 18, 2020, she was contacted by MICHAEL A. RAMIREZ, to 'investigate her request for a modified assignment.'

209. Plaintiff SCHASHUNA D. WHYTE, alleges that during the conversation, although not a duly qualified medical professional, he questioned the veracity of the high-risk pregnancy monitoring plan.

210. Plaintiff SCHASHUNA D. WHYTE, alleges that during the conversation, although not a duly qualified medical professional, he said paraphrase, "He needs more details about her medical condition before passing it onto the Division doctor."

211. Plaintiff SCHASHUNA D. WHYTE, alleges that she was mortified.

212. Plaintiff SCHASHUNA D. WHYTE alleges that several days later, MICHAEL A. RAMIREZ posed accusatory questions to members of her family including her spouse who's a state trooper as well regarding her high-risk pregnancy monitoring plan.

213. Plaintiff SCHASHUNA D. WHYTE alleges that she was devastated by MICHAEL A. RAMIREZ'S nasty, insensitive, mean-spirited behavior towards her and her family which only reinforced her belief female employees are not respected within the culture of the New York State Police.

214. Plaintiff SCHASHUNA D. WHYTE to this day, she never received a decision about her request for a modified assignment.

215. Plaintiff SCHASHUNA D. WHYTE, alleges that on or about December 22, 2020, although there was no maternity policy in place, Sergeant Richard St. Preux accommodated her with an administrative assignment.

216. Plaintiff SCHASHUNA D. WHYTE, alleges that on or about December 25, 2020, after a discussion with Acting Technical Sergeant George M. Lajara, she was transferred to Troop – NYC, Station SP Manhattan to handle communications.

217. Plaintiff SCHASHUNA D. WHYTE, alleges that Defendant NEW YORK STATE POLICE through Defendants' KEVIN P. BRUEN and DOUGLAS A. LARKIN intentionally denied her request for modified assignment to Troop – L a mere 10 minutes from her home and OB/GYN which would have been consistent with managing her high-risk pregnancy.

218. Plaintiff SCHASHUNA D. WHYTE alleges that Defendant NEW YORK STATE POLICE through Defendants' KEVIN P. BRUEN and DOUGLAS A. LARKIN intentionally transferred her to Troop – NYC to handle communications a 3–4-hour daily commute from her home and OB/GYN which was inconsistent with managing her high-risk pregnancy.

219.     Plaintiff SCHASHUNA D. WHYTE alleges that she was devastated by Defendant NEW YORK STATE POLICE through Defendants' KEVIN P. BRUEN and DOUGLAS A. LARKIN'S nasty, insensitive, mean-spirited conduct towards her and her family which only reinforced her belief female employees are not respected within the culture of the New York State Police.

220.     Plaintiff SCHASHUNA D. WHYTE alleges that shortly thereafter, she contacted the Human Resources – Leave Department.

221.     Plaintiff SCHASHUNA D. WHYTE, alleges that a representative within the Human Resources – Leave Department told her that she does not qualify for the Family and Medical Leave Act (FMLA) because she requested military leave to attend the United States Army Officer Candidate School for 2 months in 2019 and 3 months for the Basic Officer Leadership Course in 2020.

222.     Plaintiff SCHASHUNA D. WHYTE alleges that she received her commission and holds the rank of second lieutenant, assigned to the New York State National Guard.

223.     Plaintiff SCHASHUNA D. WHYTE alleges that generally, when the FMLA overlaps with other laws, the employer must follow the law that gives the employee the greatest benefits or is most favorable to the employee.

224.     Plaintiff SCHASHUNA D. WHYTE alleges that under USERRA, Defendant NEW YORK STATE POLICE are required to grant her up to 5 years of unpaid leave for active military duty.

225.     Plaintiff SCHASHUNA D. WHYTE alleges that under FMLA, entitles her to receive 12 weeks of leave for a qualifying exigency and up to 26 weeks of military caregiver leave.

226. Plaintiff SCHASHUNA D. WHYTE alleges that she qualified for FMLA under both the 12-month and 1,250-hour requirements.

227. Plaintiff SCHASHUNA D. WHYTE alleges that Defendant NEW YORK STATE POLICE violated her rights FMLA under the Uniformed Services Employment and Reemployment Rights Act of 1994 (USERRA).

**VIOLATIONS AND CLAIMS ALLEGED**

**COUNT I**
**PREGNANCY DISCRIMINATION**
**IN VIOLATION OF**
**TITLE VII OF THE CIVIL RIGHTS ACT OF 1964**

228. Plaintiff SCHASHUNA D. WHYTE and the other Rule 23 Class Members re-alleges Paragraphs 1 through 227 and incorporates them by reference as Paragraphs 1 through 227 of Count I of this Complaint.

229. Plaintiff SCHASHUNA D. WHYTE and the other Rule 23 Class Members allege that Defendant NEW YORK STATE POLICE through its agents engaged in a pattern and practice of pregnancy discrimination against them with respect to the terms, conditions and privileges of employment because of their gender.

230. Plaintiff SCHASHUNA D. WHYTE and the other Rule 23 Class Members allege that Defendant NEW YORK STATE POLICE knew or should have known about pregnancy discrimination in the workplace because of their prior history of discriminatory conduct.

231. Plaintiff SCHASHUNA D. WHYTE and the other Rule 23 Class Members allege that the discriminatory acts of Defendant NEW YORK STATE POLICE caused them to suffer depression and anxiety.

232. Plaintiff SCHASHUNA D. WHYTE and the other Rule 23 Class Members allege that Defendant NEW YORK STATE POLICE acted in an outrageous and systematic pattern of

oppression, bad faith and cover-up, from in or around August 15, 2007, to this day.

233. Plaintiff SCHASHUNA D. WHYTE and the other Rule 23 Class Members allege that the acts of Defendant NEW YORK STATE POLICE under color of law caused them to experience severe engorgement, Mastitis, emotional distress, postpartum depressions, cessation of their milk supply and other related medical conditions, incur significant legal costs, damage to their personal and professional reputation.

**COUNT II**
**HOSTILE WORK ENVIRONMENT**
**IN VIOLATION OF**
**TITLE VII OF THE CIVIL RIGHTS ACT OF 1964**

234. Plaintiff SCHASHUNA D. WHYTE and the other Rule 23 Class Members re-alleges Paragraphs 1 through 233 and incorporates them by reference as Paragraphs 1 through 233 of Count II of this Complaint.

235. Plaintiff SCHASHUNA D. WHYTE and the other Rule 23 Class Members allege that Defendant NEW YORK STATE POLICE through its agents engaged in various cruel and hostile actions towards them with respect to the terms, conditions and privileges of employment because of their gender.

236. Plaintiff SCHASHUNA D. WHYTE and the other Rule 23 Class Members allege that the cruel and hostile acts of Defendant NEW YORK STATE POLICE through its agents under color of law caused them to experience severe engorgement, Mastitis, emotional distress, postpartum depressions, cessation of their milk supply and other related medical conditions, incur significant legal costs, damage to their personal and professional reputation.

**COUNT III**
**RETALIATION**
**IN VIOLATION OF**
**TITLE VII OF THE CIVIL RIGHTS ACT OF 1964**

237.    Plaintiff SCHASHUNA D. WHYTE and the other Rule 23 Class Members re-alleges Paragraphs 1 through 236 and incorporates them by reference as Paragraphs 1 through 236 of Count III of this Amended Complaint.

238.    Plaintiff SCHASHUNA D. WHYTE and the other Rule 23 Class Members allege that Defendant NEW YORK STATE POLICE through its agents engaged in various retaliatory actions against them for opposing pregnancy discrimination and filing such complaints with its agents, the NYSP Office of Equity and Inclusion and the EEOC.

239.    Plaintiff SCHASHUNA D. WHYTE and the other Rule 23 Class Members allege that as a result of the illegal acts of Defendant NEW YORK STATE POLICE through its agents under color of law caused them to experience severe engorgement, Mastitis, emotional distress, postpartum depressions, cessation of their milk supply and other related medical conditions, incur significant legal costs, damage to their personal and professional reputation.

**COUNT IV**
**PREGNANCY DISCRIMINATION**
**IN VIOLATION OF**
**THE CIVIL RIGHTS ACT OF 1871, 42 U.S.C. § 1983**

240.    Plaintiff SCHASHUNA D. WHYTE and the other Rule 23 Class Members re-alleges Paragraphs 1 through 239 and them by reference as Paragraphs 1 through 239 of Count IV of this Complaint.

241.    Plaintiff SCHASHUNA D. WHYTE and the other Rule 23 Class Members allege that Defendants' ELIOT LAURENCE SPITZER; DAVID ALEXANDER PATERSON; ANDREW MARK CUOMO; KATHLEEN HOCHUL; JOHN DOES 1-10; MICHAEL N. VOLFORTE; HARRY J. CORBETT; JOSEPH A. D'AMIRCO; GEORGE P. BEACH, II; KEITH M. CORLETT; KEVIN P. BRUEN; ROBERT A. WILLIS; PAUL E. HOGAN; DOUGLAS A. LARKIN and MICHAEL A. RAMIREZ intentionally engaged in an outrageous

and systematic pattern of pregnancy discrimination, oppression, bad faith and cover-up, directed at them from in or around August 15, 2007, to this day.

242. Plaintiff SCHASHUNA D. WHYTE and the other Rule 23 Class Members allege that Defendants' ELIOT LAURENCE SPITZER; DAVID ALEXANDER PATERSON; ANDREW MARK CUOMO; KATHLEEN HOCHUL; JOHN DOES 1-10; MICHAEL N. VOLFORTE; HARRY J. CORBETT; JOSEPH A. D'AMIRCO; GEORGE P. BEACH, II; KEITH M. CORLETT; KEVIN P. BRUEN; ROBERT A. WILLIS; PAUL E. HOGAN; DOUGLAS A. LARKIN and MICHAEL A. RAMIREZ acting individually and in their official capacities as a public officials of Defendant NEW YORK STATE POLICE under color of law, and having been fully advised that they are being deprived of their constitutional rights, either acted in a concerted, malicious intentional pattern to further discriminate against them, or knowing such pregnancy discrimination was taking place, knowingly omitted to act to protect them.

243. Plaintiff SCHASHUNA D. WHYTE and the other Rule 23 Class Members allege that Defendants' ELIOT LAURENCE SPITZER; DAVID ALEXANDER PATERSON; ANDREW MARK CUOMO; KATHLEEN HOCHUL; JOHN DOES 1-10; MICHAEL N. VOLFORTE; HARRY J. CORBETT; JOSEPH A. D'AMIRCO; GEORGE P. BEACH, II; KEITH M. CORLETT; KEVIN P. BRUEN; ROBERT A. WILLIS; PAUL E. HOGAN; DOUGLAS A. LARKIN and MICHAEL A. RAMIREZ under color of law caused them to experience severe engorgement, Mastitis, emotional distress, postpartum depressions, cessation of their milk supply and other related medical conditions, incur significant legal costs, damage to their personal and professional reputation.

## COUNT V
## HOSTILE WORK ENVIRONMENT
## IN VIOLATION OF
## THE CIVIL RIGHTS ACT OF 1871, 42 U.S.C. § 1983

244.   Plaintiff SCHASHUNA D. WHYTE and the other Rule 23 Class Members re-alleges Paragraphs 1 through 243 and incorporates them by reference as Paragraphs 1 through 243 of Count V of this Complaint.

245.   Plaintiff SCHASHUNA D. WHYTE and the other Rule 23 Class Members allege that Defendants' ELIOT LAURENCE SPITZER; DAVID ALEXANDER PATERSON; ANDREW MARK CUOMO; KATHLEEN HOCHUL; JOHN DOES 1-10; MICHAEL N. VOLFORTE; HARRY J. CORBETT; JOSEPH A. D'AMIRCO; GEORGE P. BEACH, II; KEITH M. CORLETT; KEVIN P. BRUEN; ROBERT A. WILLIS; PAUL E. HOGAN; DOUGLAS A. LARKIN and MICHAEL A. RAMIREZ intentionally engaged in an outrageous and systematic pattern of pregnancy discrimination, hostility, oppression, bad faith and cover-up, directed at them with respect to the terms, conditions and privileges of employment because of their gender.

246.   Plaintiff SCHASHUNA D. WHYTE and the other Rule 23 Class Members allege that Defendants' ELIOT LAURENCE SPITZER; DAVID ALEXANDER PATERSON; ANDREW MARK CUOMO; KATHLEEN HOCHUL; JOHN DOES 1-10; MICHAEL N. VOLFORTE; HARRY J. CORBETT; JOSEPH A. D'AMIRCO; GEORGE P. BEACH, II; KEITH M. CORLETT; KEVIN P. BRUEN; ROBERT A. WILLIS; PAUL E. HOGAN; DOUGLAS A. LARKIN and MICHAEL A. RAMIREZ acting individually and in their official capacities as a public officials of Defendant NEW YORK STATE POLICE under color of law, and having been fully advised that they are being deprived of their constitutional rights, either acted in a concerted, malicious intentional pattern to further discriminate against them, or

knowing such pregnancy discrimination was taking place, knowingly omitted to act to protect them.

247. Plaintiff SCHASHUNA D. WHYTE and the other Rule 23 Class Members allege that Defendants' ELIOT LAURENCE SPITZER; DAVID ALEXANDER PATERSON; ANDREW MARK CUOMO; KATHLEEN HOCHUL; JOHN DOES 1-10; MICHAEL N. VOLFORTE; HARRY J. CORBETT; JOSEPH A. D'AMIRCO; GEORGE P. BEACH, II; KEITH M. CORLETT; KEVIN P. BRUEN; ROBERT A. WILLIS; PAUL E. HOGAN; DOUGLAS A. LARKIN and MICHAEL A. RAMIREZ under color of law caused them to experience severe engorgement, Mastitis, emotional distress, postpartum depressions, cessation of their milk supply and other related medical conditions, incur significant legal costs, damage to their personal and professional reputation.

**COUNT VI**
**RETALIATION**
**IN VIOLATION OF**
**THE CIVIL RIGHTS ACT OF 1871, 42 U.S.C. § 1983**

248. Plaintiff SCHASHUNA D. WHYTE and the other Rule 23 Class Members re-alleges Paragraphs 1 through 247 and incorporates them by reference as Paragraphs 1 through 247 of Count VI of this Complaint.

249. Plaintiff SCHASHUNA D. WHYTE and the other Rule 23 Class Members allege that Defendants' ELIOT LAURENCE SPITZER; DAVID ALEXANDER PATERSON; ANDREW MARK CUOMO; KATHLEEN HOCHUL; JOHN DOES 1-10; MICHAEL N. VOLFORTE; HARRY J. CORBETT; JOSEPH A. D'AMIRCO; GEORGE P. BEACH, II; KEITH M. CORLETT; KEVIN P. BRUEN; ROBERT A. WILLIS; PAUL E. HOGAN; DOUGLAS A. LARKIN and MICHAEL A. RAMIREZ intentionally engaged in an outrageous and systematic pattern of pregnancy discrimination, hostility, oppression, bad faith and cover-

up, directed at them from in or around August 15, 2007, to this day.

250. Plaintiff SCHASHUNA D. WHYTE and the other Rule 23 Class Members allege that Defendants' ELIOT LAURENCE SPITZER; DAVID ALEXANDER PATERSON; ANDREW MARK CUOMO; KATHLEEN HOCHUL; JOHN DOES 1-10; MICHAEL N. VOLFORTE; HARRY J. CORBETT; JOSEPH A. D'AMIRCO; GEORGE P. BEACH, II; KEITH M. CORLETT; KEVIN P. BRUEN; ROBERT A. WILLIS; PAUL E. HOGAN; DOUGLAS A. LARKIN and MICHAEL A. RAMIREZ acting individually and in their official capacities as a public officials of Defendant NEW YORK STATE POLICE under color of law, and having been fully advised that they are being deprived of their constitutional rights, either acted in a concerted, malicious intentional pattern to retaliate against them for opposing pregnancy discrimination and filing such complaints with its agents, the NYSP Office of Equity and Inclusion and the EEOC.

251. Plaintiff SCHASHUNA D. WHYTE and the other Rule 23 Class Members allege that Defendants' ELIOT LAURENCE SPITZER; DAVID ALEXANDER PATERSON; ANDREW MARK CUOMO; KATHLEEN HOCHUL; JOHN DOES 1-10; MICHAEL N. VOLFORTE; HARRY J. CORBETT; JOSEPH A. D'AMIRCO; GEORGE P. BEACH, II; KEITH M. CORLETT; KEVIN P. BRUEN; ROBERT A. WILLIS; PAUL E. HOGAN; DOUGLAS A. LARKIN and MICHAEL A. RAMIREZ under color of law caused them to experience severe engorgement, Mastitis, emotional distress, postpartum depressions, cessation of their milk supply and other related medical conditions, incur significant legal costs, damage to their personal and professional reputation.

## COUNT VII
## PREGNANCY DISCRIMINATION
## IN VIOLATION OF
## NEW YORK STATE EXECUTIVE LAW § 296

252.     Plaintiff SCHASHUNA D. WHYTE and the other Rule 23 Class Members re-alleges Paragraphs 1 through 251 and incorporates them by reference as Paragraphs 1 through 251 of Count VII of this Complaint.

253.     Plaintiff SCHASHUNA D. WHYTE and the other Rule 23 Class Members alleges that New York State Executive Law § 296, makes it unlawful to discriminate against any individual in the terms, conditions, or privileges of employment because of their gender.

254.     Plaintiff SCHASHUNA D. WHYTE and the other Rule 23 Class Members alleges that Defendants' NEW YORK STATE POLICE; ELIOT LAURENCE SPITZER; DAVID ALEXANDER PATERSON; ANDREW MARK CUOMO; KATHLEEN HOCHUL; JOHN DOES 1-10; MICHAEL N. VOLFORTE; HARRY J. CORBETT; JOSEPH A. D'AMIRCO; GEORGE P. BEACH, II; KEITH M. CORLETT; KEVIN P. BRUEN; ROBERT A. WILLIS; PAUL E. HOGAN; DOUGLAS A. LARKIN and MICHAEL A. RAMIREZ discriminated against them because of their gender.

255.     Plaintiff SCHASHUNA D. WHYTE and the other Rule 23 Class Members alleges that as a direct and proximate result of the unlawful employment practices of Defendants' NEW YORK STATE POLICE; ELIOT LAURENCE SPITZER; DAVID ALEXANDER PATERSON; ANDREW MARK CUOMO; KATHLEEN HOCHUL; JOHN DOES 1-10; MICHAEL N. VOLFORTE; HARRY J. CORBETT; JOSEPH A. D'AMIRCO; GEORGE P. BEACH, II; KEITH M. CORLETT; KEVIN P. BRUEN; ROBERT A. WILLIS; PAUL E. HOGAN; DOUGLAS A. LARKIN and MICHAEL A. RAMIREZ, they suffered the indignity of pregnancy discrimination and great humiliation.

256.     Plaintiff SCHASHUNA D. WHYTE and the other Rule 23 Class Members alleges that Defendants' NEW YORK STATE POLICE; ELIOT LAURENCE SPITZER;

DAVID ALEXANDER PATERSON; ANDREW MARK CUOMO; KATHLEEN HOCHUL; JOHN DOES 1-10; MICHAEL N. VOLFORTE; HARRY J. CORBETT; JOSEPH A. D'AMIRCO; GEORGE P. BEACH, II; KEITH M. CORLETT; KEVIN P. BRUEN; ROBERT A. WILLIS; PAUL E. HOGAN; DOUGLAS A. LARKIN and MICHAEL A. RAMIREZ'S violations caused them to experience severe engorgement, Mastitis, emotional distress, postpartum depressions, cessation of their milk supply and other related medical conditions, incur significant legal costs, damage to their personal and professional reputation.

**COUNT VIII**
**HOSTILE WORK ENVIRONMENT**
**IN VIOLATION OF**
**NEW YORK STATE EXECUTIVE LAW § 296**

257.   Plaintiff SCHASHUNA D. WHYTE and the other Rule 23 Class Members re-alleges Paragraphs 1 through 256 and incorporates them by reference as Paragraphs 1 through 256 of Count VIII of this Complaint.

258.   Plaintiff SCHASHUNA D. WHYTE and the other Rule 23 Class Members alleges that New York State Executive Law § 296, makes it unlawful to discriminate against any individual in the terms, conditions, or privileges of employment because of their gender.

259.   Plaintiff SCHASHUNA D. WHYTE and the other Rule 23 Class Members alleges that the law also makes it unlawful to create an atmosphere where hostilities are encouraged and/or tolerated.

260.   Plaintiff SCHASHUNA D. WHYTE and the other Rule 23 Class Members alleges that Defendants' NEW YORK STATE POLICE; ELIOT LAURENCE SPITZER; DAVID ALEXANDER PATERSON; ANDREW MARK CUOMO; KATHLEEN HOCHUL; JOHN DOES 1-10; MICHAEL N. VOLFORTE; HARRY J. CORBETT; JOSEPH A. D'AMIRCO; GEORGE P. BEACH, II; KEITH M. CORLETT; KEVIN P. BRUEN; ROBERT

A. WILLIS; PAUL E. HOGAN; DOUGLAS A. LARKIN and MICHAEL A. RAMIREZ engaged in various hostile actions against them based upon their gender.

261. Plaintiff SCHASHUNA D. WHYTE and the other Rule 23 Class Members alleges that as a direct and proximate result of the unlawful employment practices of Defendants' NEW YORK STATE POLICE; ELIOT LAURENCE SPITZER; DAVID ALEXANDER PATERSON; ANDREW MARK CUOMO; KATHLEEN HOCHUL; JOHN DOES 1-10; MICHAEL N. VOLFORTE; HARRY J. CORBETT; JOSEPH A. D'AMIRCO; GEORGE P. BEACH, II; KEITH M. CORLETT; KEVIN P. BRUEN; ROBERT A. WILLIS; PAUL E. HOGAN; DOUGLAS A. LARKIN and MICHAEL A. RAMIREZ, they suffered the indignity of pregnancy discrimination.

262. Plaintiff SCHASHUNA D. WHYTE and the other Rule 23 Class Members alleges that Defendants' NEW YORK STATE POLICE; ELIOT LAURENCE SPITZER; DAVID ALEXANDER PATERSON; ANDREW MARK CUOMO; KATHLEEN HOCHUL; JOHN DOES 1-10; MICHAEL N. VOLFORTE; HARRY J. CORBETT; JOSEPH A. D'AMIRCO; GEORGE P. BEACH, II; KEITH M. CORLETT; KEVIN P. BRUEN; ROBERT A. WILLIS; PAUL E. HOGAN; DOUGLAS A. LARKIN and MICHAEL A. RAMIREZ'S violations caused them to experience severe engorgement, Mastitis, emotional distress, postpartum depressions, cessation of their milk supply and other related medical conditions, incur significant legal costs, damage to their personal and professional reputation.

## COUNT IX
## RETALIATION
## IN VIOLATION OF
## NEW YORK STATE EXECUTIVE LAW § 296

263. Plaintiff SCHASHUNA D. WHYTE and the other Rule 23 Class Members re-alleges Paragraphs 1 through 262 and incorporates them by reference as Paragraphs 1 through

262 of Count IX of this Complaint.

264.    Plaintiff SCHASHUNA D. WHYTE and the other Rule 23 Class Members alleges that New York State Executive Law § 296, makes it unlawful to discriminate against any individual in the terms, conditions, or privileges of employment because of their gender.

265.    Plaintiff SCHASHUNA D. WHYTE and the other Rule 23 Class Members alleges that the law also makes it unlawful to create an atmosphere where retaliation is encouraged and/or tolerated.

266.    Plaintiff SCHASHUNA D. WHYTE and the other Rule 23 Class Members alleges that Defendants' NEW YORK STATE POLICE; ELIOT LAURENCE SPITZER; DAVID ALEXANDER PATERSON; ANDREW MARK CUOMO; KATHLEEN HOCHUL; JOHN DOES 1-10; MICHAEL N. VOLFORTE; HARRY J. CORBETT; JOSEPH A. D'AMIRCO; GEORGE P. BEACH, II; KEITH M. CORLETT; KEVIN P. BRUEN; ROBERT A. WILLIS; PAUL E. HOGAN; DOUGLAS A. LARKIN and MICHAEL A. RAMIREZ engaged in various retaliatory actions against them for opposing pregnancy discrimination and filing such complaints with its agents, the NYSP Office of Equity and Inclusion and the EEOC.

267.    Plaintiff SCHASHUNA D. WHYTE and the other Rule 23 Class Members alleges that as a direct and proximate result of the unlawful employment practices of Defendants' NEW YORK STATE POLICE; ELIOT LAURENCE SPITZER; DAVID ALEXANDER PATERSON; ANDREW MARK CUOMO; KATHLEEN HOCHUL; JOHN DOES 1-10; MICHAEL N. VOLFORTE; HARRY J. CORBETT; JOSEPH A. D'AMIRCO; GEORGE P. BEACH, II; KEITH M. CORLETT; KEVIN P. BRUEN; ROBERT A. WILLIS; PAUL E. HOGAN; DOUGLAS A. LARKIN and MICHAEL A. RAMIREZ, they suffered the indignity of pregnancy discrimination and great humiliation.

268.     Plaintiff SCHASHUNA D. WHYTE and the other Rule 23 Class Members alleges that Defendants' NEW YORK STATE POLICE; ELIOT LAURENCE SPITZER; DAVID ALEXANDER PATERSON; ANDREW MARK CUOMO; KATHLEEN HOCHUL; JOHN DOES 1-10; MICHAEL N. VOLFORTE; HARRY J. CORBETT; JOSEPH A. D'AMIRCO; GEORGE P. BEACH, II; KEITH M. CORLETT; KEVIN P. BRUEN; ROBERT A. WILLIS; PAUL E. HOGAN; DOUGLAS A. LARKIN and MICHAEL A. RAMIREZ'S violations caused them to experience severe engorgement, Mastitis, emotional distress, postpartum depressions, cessation of their milk supply and other related medical conditions, incur significant legal costs, damage to their personal and professional reputation.

## COUNT X
## PREGNANCY DISCRIMINATION
## IN VIOLATION OF
## NEW YORK CITY ADMINISTRATIVE CODE § 8-107

269.     Plaintiff SCHASHUNA D. WHYTE and the other Rule 23 Class Members re-alleges Paragraphs 1 through 268 and incorporates them by reference as Paragraphs 1 through 268 of Count X of this Complaint.

270.     Plaintiff SCHASHUNA D. WHYTE and the other Rule 23 Class Members alleges that New York City Administrative Code § 8-107, makes it unlawful to discriminate against any individual in the terms, conditions, or privileges of employment because of their gender.

271.     Plaintiff SCHASHUNA D. WHYTE and the other Rule 23 Class Members alleges that Defendants' ELIOT LAURENCE SPITZER; DAVID ALEXANDER PATERSON; ANDREW MARK CUOMO; KATHLEEN HOCHUL; JOHN DOES 1-10; MICHAEL N. VOLFORTE; HARRY J. CORBETT; JOSEPH A. D'AMIRCO; GEORGE P. BEACH, II; KEITH M. CORLETT; KEVIN P. BRUEN; ROBERT A. WILLIS; PAUL E. HOGAN;

DOUGLAS A. LARKIN and MICHAEL A. RAMIREZ discriminated against them because of their gender.

272.    Plaintiff SCHASHUNA D. WHYTE and the other Rule 23 Class Members alleges that as a direct and proximate result of the unlawful employment practices of Defendants' ELIOT LAURENCE SPITZER; DAVID ALEXANDER PATERSON; ANDREW MARK CUOMO; KATHLEEN HOCHUL; JOHN DOES 1-10; MICHAEL N. VOLFORTE; HARRY J. CORBETT; JOSEPH A. D'AMIRCO; GEORGE P. BEACH, II; KEITH M. CORLETT; KEVIN P. BRUEN; ROBERT A. WILLIS; PAUL E. HOGAN; DOUGLAS A. LARKIN and MICHAEL A. RAMIREZ, they suffered the indignity of pregnancy discrimination and great humiliation.

273.    Plaintiff SCHASHUNA D. WHYTE and the other Rule 23 Class Members alleges that Defendants' ELIOT LAURENCE SPITZER; DAVID ALEXANDER PATERSON; ANDREW MARK CUOMO; KATHLEEN HOCHUL; JOHN DOES 1-10; MICHAEL N. VOLFORTE; HARRY J. CORBETT; JOSEPH A. D'AMIRCO; GEORGE P. BEACH, II; KEITH M. CORLETT; KEVIN P. BRUEN; ROBERT A. WILLIS; PAUL E. HOGAN; DOUGLAS A. LARKIN and MICHAEL A. RAMIREZ'S violations caused them to experience severe engorgement, Mastitis, emotional distress, postpartum depressions, cessation of their milk supply and other related medical conditions, incur significant legal costs, damage to their personal and professional reputation.

## COUNT XI
## HOSTILE WORK ENVIRONMENT
## IN VIOLATION OF
## NEW YORK CITY ADMINISTRATIVE CODE § 8-107

274.    Plaintiff SCHASHUNA D. WHYTE and the other Rule 23 Class Members re-alleges Paragraphs 1 through 273 and incorporates them by reference as Paragraphs 1 through 273 of Count XI of this Complaint.

275.     Plaintiff SCHASHUNA D. WHYTE and the other Rule 23 Class Members alleges that New York City Administrative Code § 8-107, makes it unlawful to discriminate against any individual in the terms, conditions, or privileges of employment because of their gender.

276.     Plaintiff SCHASHUNA D. WHYTE and the other Rule 23 Class Members alleges that the law also makes it unlawful to create an atmosphere where hostilities are encouraged and/or tolerated.

277.     Plaintiff SCHASHUNA D. WHYTE and the other Rule 23 Class Members alleges that Defendants' ELIOT LAURENCE SPITZER; DAVID ALEXANDER PATERSON; ANDREW MARK CUOMO; KATHLEEN HOCHUL; JOHN DOES 1-10; MICHAEL N. VOLFORTE; HARRY J. CORBETT; JOSEPH A. D'AMIRCO; GEORGE P. BEACH, II; KEITH M. CORLETT; KEVIN P. BRUEN; ROBERT A. WILLIS; PAUL E. HOGAN; DOUGLAS A. LARKIN and MICHAEL A. RAMIREZ engaged in various hostile actions against them based upon their gender.

278.     Plaintiff SCHASHUNA D. WHYTE and the other Rule 23 Class Members alleges that as a direct and proximate result of the unlawful employment practices of Defendants' ELIOT LAURENCE SPITZER; DAVID ALEXANDER PATERSON; ANDREW MARK CUOMO; KATHLEEN HOCHUL; JOHN DOES 1-10; MICHAEL N. VOLFORTE; HARRY J. CORBETT; JOSEPH A. D'AMIRCO; GEORGE P. BEACH, II; KEITH M. CORLETT; KEVIN P. BRUEN; ROBERT A. WILLIS; PAUL E. HOGAN; DOUGLAS A. LARKIN and MICHAEL A. RAMIREZ, they suffered the indignity of pregnancy discrimination.

279.     Plaintiff SCHASHUNA D. WHYTE and the other Rule 23 Class Members alleges that Defendants' ELIOT LAURENCE SPITZER; DAVID ALEXANDER PATERSON;

ANDREW MARK CUOMO; KATHLEEN HOCHUL; JOHN DOES 1-10; MICHAEL N.

VOLFORTE; HARRY J. CORBETT; JOSEPH A. D'AMIRCO; GEORGE P. BEACH, II;

KEITH M. CORLETT; KEVIN P. BRUEN; ROBERT A. WILLIS; PAUL E. HOGAN;

DOUGLAS A. LARKIN and MICHAEL A. RAMIREZ'S violations caused them to experience

severe engorgement, Mastitis, emotional distress, postpartum depressions, cessation of their milk

supply and other related medical conditions, incur significant legal costs, damage to their

personal and professional reputation.

**COUNT XII**
**RETALIATION**
**IN VIOLATION OF**
**NEW YORK CITY ADMINISTRATIVE CODE § 8-107**

280.    Plaintiff SCHASHUNA D. WHYTE and the other Rule 23 Class Members re-

alleges Paragraphs 1 through 279 and incorporates them by reference as Paragraphs 1 through

279 of Count XII of this Complaint.

281.    Plaintiff SCHASHUNA D. WHYTE and the other Rule 23 Class Members

alleges that New York City Administrative Code § 8-107, makes it unlawful to discriminate

against any individual in the terms, conditions, or privileges of employment because of their

gender.

282.    Plaintiff SCHASHUNA D. WHYTE and the other Rule 23 Class Members

alleges that the law also makes it unlawful to create an atmosphere where retaliation is

encouraged and/or tolerated.

283.    Plaintiff SCHASHUNA D. WHYTE and the other Rule 23 Class Members

alleges that Defendants' ELIOT LAURENCE SPITZER; DAVID ALEXANDER PATERSON;

ANDREW MARK CUOMO; KATHLEEN HOCHUL; JOHN DOES 1-10; MICHAEL N.

VOLFORTE; HARRY J. CORBETT; JOSEPH A. D'AMIRCO; GEORGE P. BEACH, II;

KEITH M. CORLETT; KEVIN P. BRUEN; ROBERT A. WILLIS; PAUL E. HOGAN; DOUGLAS A. LARKIN and MICHAEL A. RAMIREZ engaged in various retaliatory actions against them for opposing pregnancy discrimination and filing such complaints with its agents, the NYSP Office of Equity and Inclusion and the EEOC.

284.    Plaintiff SCHASHUNA D. WHYTE and the other Rule 23 Class Members alleges that as a direct and proximate result of the unlawful employment practices of Defendants' ELIOT LAURENCE SPITZER; DAVID ALEXANDER PATERSON; ANDREW MARK CUOMO; KATHLEEN HOCHUL; JOHN DOES 1-10; MICHAEL N. VOLFORTE; HARRY J. CORBETT; JOSEPH A. D'AMIRCO; GEORGE P. BEACH, II; KEITH M. CORLETT; KEVIN P. BRUEN; ROBERT A. WILLIS; PAUL E. HOGAN; DOUGLAS A. LARKIN and MICHAEL A. RAMIREZ, they suffered the indignity of pregnancy discrimination and great humiliation.

285.    Plaintiff SCHASHUNA D. WHYTE and the other Rule 23 Class Members alleges that Defendants' ELIOT LAURENCE SPITZER; DAVID ALEXANDER PATERSON; ANDREW MARK CUOMO; KATHLEEN HOCHUL; JOHN DOES 1-10; MICHAEL N. VOLFORTE; HARRY J. CORBETT; JOSEPH A. D'AMIRCO; GEORGE P. BEACH, II; KEITH M. CORLETT; KEVIN P. BRUEN; ROBERT A. WILLIS; PAUL E. HOGAN; DOUGLAS A. LARKIN and MICHAEL A. RAMIREZ'S violations caused them to experience severe engorgement, Mastitis, emotional distress, postpartum depressions, cessation of their milk supply and other related medical conditions, incur significant legal costs, damage to their personal and professional reputation.

## **JURY TRIAL**

286.    Plaintiff SCHASHUNA D. WHYTE and the other Rule 23 Class Members demands a trial by jury of all issues in this action that are so triable

## PRAYER FOR RELIEF

WHEREFORE, Plaintiff SCHASHUNA D. WHYTE and the other Rule 23 Class Members pray that the Court enter an Order of Judgment in their favor and against Defendants' NEW YORK STATE POLICE; ELIOT LAURENCE SPITZER; DAVID ALEXANDER PATERSON; ANDREW MARK CUOMO; KATHLEEN HOCHUL; JOHN DOES 1-10; MICHAEL N. VOLFORTE; HARRY J. CORBETT; JOSEPH A. D'AMIRCO; GEORGE P. BEACH, II; KEITH M. CORLETT; KEVIN P. BRUEN; ROBERT A. WILLIS; PAUL E. HOGAN; DOUGLAS A. LARKIN and MICHAEL A. RAMIREZ, containing the following relief:

A.      An ORDER finding that the NYSP'S policies and practices violate Title VII of the Civil Rights Act of 1964, New York State Executive Law § 296 and New York City Administrative Code § 8-107, and enjoining Defendants' NEW YORK STATE POLICE; ELIOT LAURENCE SPITZER; DAVID ALEXANDER PATERSON; ANDREW MARK CUOMO; KATHLEEN HOCHUL; JOHN DOES 1-10; MICHAEL N. VOLFORTE; HARRY J. CORBETT; JOSEPH A. D'AMIRCO; GEORGE P. BEACH, II; KEITH M. CORLETT; KEVIN P. BRUEN; ROBERT A. WILLIS; PAUL E. HOGAN; DOUGLAS A. LARKIN and MICHAEL A. RAMIREZ and their agents from further implementation and enforcement of their reasonable accommodation policies regarding disabilities, pregnancy and expressing milk until such policies are re-written consistent with prevailing law and final approval of the United States Department of Justice, United States Equal Employment Opportunity Commission, New York State Division of Human Rights and the New York City Commission on Human Rights;

B.      An award of compensatory damages against Defendants' NEW YORK STATE POLICE; ELIOT LAURENCE SPITZER; DAVID ALEXANDER PATERSON; ANDREW

MARK CUOMO; KATHLEEN HOCHUL; JOHN DOES 1-10; MICHAEL N. VOLFORTE;

HARRY J. CORBETT; JOSEPH A. D'AMIRCO; GEORGE P. BEACH, II; KEITH M.

CORLETT; KEVIN P. BRUEN; ROBERT A. WILLIS; PAUL E. HOGAN; DOUGLAS A.

LARKIN and MICHAEL A. RAMIREZ, jointly or severally in an amount to be determined at

trial, plus prejudgment interest, to compensate Plaintiff SCHASHUNA D. WHYTE and the

other Rule 23 Class Members for all monetary and/or economic damages, including, but not

limited to, severe engorgement, Mastitis, emotional distress, postpartum depressions, cessation

of their milk supply and other related medical conditions, legal costs, damage to their personal

and professional reputation and other benefits of employment;

      C.      An award of punitive damages against Defendants' NEW YORK STATE

POLICE; ELIOT LAURENCE SPITZER; DAVID ALEXANDER PATERSON; ANDREW

MARK CUOMO; KATHLEEN HOCHUL; JOHN DOES 1-10; MICHAEL N. VOLFORTE;

HARRY J. CORBETT; JOSEPH A. D'AMIRCO; GEORGE P. BEACH, II; KEITH M.

CORLETT; KEVIN P. BRUEN; ROBERT A. WILLIS; PAUL E. HOGAN; DOUGLAS A.

LARKIN and MICHAEL A. RAMIREZ, jointly or severally in an amount to be determined at

trial, plus prejudgment interest, to compensate Plaintiff SCHASHUNA D. WHYTE and the

other Rule 23 Class Members for all monetary and/or economic damages, including, but not

limited to, severe engorgement, Mastitis, emotional distress, postpartum depressions, cessation

of their milk supply and other related medical conditions, legal costs, damage to their personal

and professional reputation and other benefits of employment;

      D.      An award of costs that Plaintiff SCHASHUNA D. WHYTE and the other Rule 23

Class Members have incurred in this action, including, but not limited to, expert witness fees,

'reasonable' attorneys' fees and costs to the fullest extent permitted by law; and,

E.    Such other and further relief as the Court may deem just and proper.

Dated:  September 21, 2022
        New York, NY

Respectfully submitted,

By:    _____
        Eric Sanders (ES0224)

Eric Sanders, Esq.
**THE SANDERS FIRM, P.C.**
30 Wall Street, 8th Floor
New York, NY 10005
(212) 652-2782 (Business Telephone)
(212) 652-2783 (Facsimile)

Website: http://www.thesandersfirmpc.com