UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK

| | |
|---|---|
| SCHASHUNA D. WHYTE on behalf of herself and a class of similarly situated individuals,<br><br>Plaintiff,<br><br>– against –<br><br>NEW YORK STATE POLICE, KEVIN P. BRUEN, DOUGLAS A. LARKIN, MICHAEL A. RAMIREZ,<br><br>Defendants. | STIPULATION OF SETTLEMENT, GENERAL RELEASE, AND ORDER OF DISMISSAL<br><br>22-CV-5633 (NGG) (CLP) |

STIPULATION OF SETTLEMENT, GENERAL RELEASE, AND ORDER OF DISMISSAL ("Settlement Agreement") made by and between Plaintiff Schashuna D. Whyte ("Plaintiff") and Defendants New York State Police ("NYSP"), Kevin P. Bruen, Douglas A. Larkin, and Michael A. Ramirez ("Defendants") (Plaintiff and Defendants, collectively, "the Parties") as of January 30, 2025:

WHEREAS, Plaintiff commenced the above-captioned action by filing a Complaint on or about September 21, 2022, (ECF No. 1), in the United States District Court for the Eastern District of New York, No. 22-CV-5633, alleging claims against defendants NYSP, Eliot Spitzer, David Paterson, Andrew Cuomo, Kathleen Hochul, Michael N. Volforte, Harry J. Corbett, Joseph A. D'Amico, George P. Beach II, Keith M. Corlett, Kevin P. Bruen, Robert A. Willis, Paul E. Hogan, Douglas A. Larkin, and Michael A. Ramirez pursuant to 42 U.S.C. § 1983; Title VII of the Civil Rights Act of 1964, 42 U.S.C. § 2000e *et seq.*; New York State Human Rights Law ("NYSHRL"), N.Y.S. Exec. Law § 296; New York City Human Rights Law ("NYCHRL"), N.Y.C. Admin. Code § 8-107; and

WHEREAS, Defendants filed, and the Court So-Ordered, a notice of voluntary dismissal

1

against Defendants Eliot Spitzer, David Paterson, Andrew Cuomo, and Harry J. Corbett, and the remaining individual defendants in their official capacities, with prejudice, dated April 10, 2023 (ECF No. 23), pursuant to Fed. R. Civ. P. 41(a)(1)(A)(ii); and

WHEREAS, Defendants served a motion to dismiss the Complaint on or about April 10, 2023, (ECF Nos. 27-29); and

WHEREAS, by Memorandum & Order dated November 9, 2023 (ECF No. 33), the Court dismissed: 1) defendants Joseph A. D'Amico, Robert A. Willis, Keith M. Corlett, George P. Beach, Michael N. Volforte, and Paul E. Hogan; (2) all NYSHRL claims; (3) pattern or practice pregnancy discrimination claims under Title VII, § 1983 and the NYCHRL; (4) hostile work environment claims under Title VII and § 1983; (5) retaliation claims under Title VII, § 1983 and the NYCHRL, pursuant to Fed. R. Civ. P. 12(b)(1), (5), and (6); and

WHEREAS, the claims and allegations asserted in the above-captioned action, together with all related filings and proceedings, constitute "the Action"; and

WHEREAS, Defendants expressly deny any wrongful conduct or liability, or violation of any federal, state, or local statute, ordinance, or law in the Action whatsoever; and

WHEREAS, the Parties desire to fully resolve the claims between them and any and all other disputes, whether known or unknown, without further litigation or proceedings before any court or other agency, and without admission of fault or liability; and

WHEREAS, no party hereto is an infant or incompetent person for whom a committee has been appointed, and no person not a party to this Settlement Agreement has an interest in the subject matter of the Action;

NOW, THEREFORE, in consideration of the mutual promises, covenants, representations, and other consideration contained in this Settlement Agreement, the Parties hereby stipulate and

2

agree, and the Court orders, as follows:

1. **<u>Dismissal of the Action with Prejudice.</u>** The Action and all claims asserted therein are hereby dismissed, with prejudice, pursuant to Fed. R. Civ. P. 41(a)(1)(A)(ii) and without payments, attorneys' fees, costs, disbursements, or expenses in excess of the amounts specified in Paragraph 2 of this Settlement Agreement.

2. **<u>Payment to Plaintiff.</u>** For and in consideration of Plaintiff's execution of this Settlement Agreement, their agreement to be bound by its terms, and their undertakings as set forth herein including, but not limited to, the dismissal of the Action with prejudice and other good and valuable consideration, the sufficiency of which is hereby acknowledged, and subject to any reservation for payment to Medicare or other taxes, liens or setoffs as set forth in Paragraphs 6, 7, and 8 herein, the State of New York, on behalf of Defendants, shall pay the total sum of Twenty-Five Thousand Dollars and Zero Cents ($25,000.00), for which the Office of the New York State Comptroller shall issue any and all appropriate Internal Revenue tax forms, as follows:

   a. The State of New York, on behalf of Defendants, shall pay the gross sum of Twenty-Five Thousand Dollars and Zero Cents ($25,000.00), in full and complete satisfaction of any and all claims, allegations, or causes of action for compensatory damages, including but not limited to, pain and suffering, and mental and emotional anguish and trauma; damage to reputation; economic damages; lost wages, including but not limited to benefits, back pay, front pay, severance pay, commissions, bonuses, reimbursements, pension plan contributions, and any non-vested retirement, pension, health, or savings plan benefits, or other compensation; punitive damages; and liquidated damages; and any and all claims, allegations, or causes of action for attorneys' fees, costs, disbursements, and expenses incurred by Plaintiff's attorneys or Plaintiff for any and all counsel who have at any time represented or assisted Plaintiff in the Action, or in

3

connection with any other proceeding, administrative, judicial, or otherwise and any other claim or action arising from, related to, based upon, or alleging any of the acts, transactions, occurrences, or omissions asserted or purportedly asserted in the Action. The foregoing payment shall be made payable to "THE SANDERS FIRM, P.C., as attorneys for Schashuna D. Whyte" and mailed to Schashuna D. Whyte, c/o The Sanders Firm, P.C., 30 Wall Street, 8th Floor, New York, NY 10005.

3. **State Approval of Payments.** Payment of the amount specified in Paragraph 2 of this Settlement Agreement is conditioned upon and subject to the approval of all appropriate State officials in accordance with N.Y. Pub. Off. Law § 17. Plaintiff and Plaintiff's attorneys agree to execute and deliver all necessary and appropriate vouchers and other documentation requested with respect to obtaining such approval and effectuating payment including, but not limited to, Plaintiff's Affirmation of Medicare Eligibility Status as set forth in Paragraph 7 of this Settlement Agreement.

4. **Accrual of Interest.** In the event that payment of the amount specified in Paragraph 2 of this Settlement Agreement has not been made by the one hundred twentieth (120th) day after receipt by the Office of the Attorney General ("OAG") of a "So Ordered" copy of this Agreement, entered into the record by the Clerk of Court, together with all other documentation required under Paragraphs 3 and 7 of this Settlement Agreement, interest on any part of the settlement amount not paid by the one hundred twentieth (120th) day shall accrue at the statutory rate prescribed by 28 U.S.C. § 1961, commencing on the one hundred twenty-first (121st) day after receipt by the OAG of all documentation required under Paragraphs 3 and 7 of this Settlement Agreement. However, if the provisions of N.Y. Exec. Law § 632-a apply to Plaintiff and the payment to Plaintiff of any amount specified in Paragraph 2 of this Settlement Agreement constitutes "funds of a convicted person" under the Son of Sam Law, the one hundred and twenty (120) day period shall be extended

4

by an additional thirty (30) days to allow for compliance with that law.

5. **Responsibility for Taxes.** It is understood and agreed that any taxes, or interest or penalties on taxes, which may attach to the payment specified in Paragraph 2 of this Settlement Agreement, by operation of law or otherwise, shall be the sole and complete responsibility of Plaintiff and Plaintiff's attorneys, and that Plaintiff and Plaintiff's attorneys shall have no claim, right or cause of action against Defendants or the State of New York (including, but not limited to, any and all present and former agencies, departments, divisions, subdivisions, subsidiaries, administrators, principals, officers, employees, directors, members, agents, attorneys, insurers, and assigns, whether in an individual or official capacity) on account of such taxes, interest or penalties. Plaintiff agrees that they will defend, indemnify, and hold harmless Defendants and the State of New York (including, but not limited to, any and all present and former agencies, departments, divisions, subdivisions, subsidiaries, administrators, principals, officers, employees, directors, members, agents, attorneys, insurers, and assigns, whether in an individual or official capacity), in any claim, proceeding, action, or demand brought in any forum or manner, judicial, administrative or otherwise, to satisfy or for the satisfaction of any such tax or interest or penalty on such tax.

6. **Responsibility for Liens and Setoffs.** It is understood and agreed that any liens, setoffs, deductions, or recoupments of any kind (including, but not limited to, any and all workers' compensation, tax, Medicare, Medicaid, unemployment compensation or benefits, or child support liens) which may attach to the payment specified in Paragraph 2 of this Settlement Agreement, by operation of law or otherwise, shall be the sole and complete responsibility of Plaintiff and Plaintiff's attorneys, and that Plaintiff and Plaintiff's attorneys shall have no claim, right or cause of action against Defendants or the State of New York (including, but not limited to, any and all present and former agencies, departments, divisions, subdivisions, subsidiaries, administrators,

principals, officers, employees, directors, members, agents, attorneys, insurers, and assigns, whether in an individual or official capacity) on account of such taxes, interest or penalties. Plaintiff agrees that they will defend, indemnify, and hold harmless Defendants and the State of New York (including, but not limited to, any and all present and former agencies, departments, divisions, subdivisions, subsidiaries, administrators, principals, officers, employees, directors, members, agents, attorneys, insurers, and assigns, whether in an individual or official capacity), in any claim, proceeding, action, or demand brought in any forum or manner, judicial, administrative or otherwise, to satisfy or for the satisfaction of any such any liens, setoffs, deductions, or recoupments.

7. **Medicare Certification.** Plaintiff represents and warrants that they are not currently a Medicare recipient and/or Medicare eligible, have never been on Medicare or Social Security Disability Insurance, that no conditional payments have been made on their behalf by Medicare, and further that they do not expect to be Medicare eligible and/or a Medicare recipient within the next thirty (30) months following the date of this Settlement Agreement. Plaintiff agrees to deliver a fully executed Affirmation of Medicare Eligibility Status in the form annexed hereto as Exhibit A ("Medicare Affirmation") to the OAG. Plaintiff acknowledges and understands that receipt of a fully executed Medicare Affirmation by the OAG, together with any required supporting documentation, is a prerequisite to payment of the settlement amount referenced in Paragraph 2 herein, and falls within the category of "other documentation" and "required documentation" described in Paragraphs 2, 3, and 7 of this Settlement Agreement.

8. **Responsibility for Medicare Payments or Medicare Liens.** Plaintiff agrees to defend, indemnify, and hold harmless Defendants and the State of New York (including, but not limited to, any and all present and former agencies, departments, divisions, subdivisions,

6

subsidiaries, administrators, principals, officers, employees, directors, members, agents, attorneys, insurers, and assigns, whether in an individual or official capacity) for any liens or past or future Medicare payments presently known or unknown in connection with the Action. If conditional or future anticipated Medicare payments have not been satisfied, Defendants and the State of New York reserve the right to issue a multi-party settlement check naming Medicare as a payee or to issue a check to Medicare directly based on the Medicare Final Demand Letter with respect to the settlement amount specified in Paragraph 2 of this Settlement Agreement. Upon receipt of all required documentation under Paragraphs 3 and 7, payment of the settlement amount specified in Paragraph 2 of this Settlement Agreement shall be made in accordance with the terms set forth herein.

9. **General Release.** For and in consideration of the payment of the settlement amount referenced in Paragraph 2 of this Settlement Agreement and other good and valuable consideration, the sufficiency of which is hereby acknowledged, and except for the rights and obligations set forth in this Settlement Agreement, Plaintiff, on behalf of themselves, their heirs, executors, administrators, successors, and assigns (collectively, "the Releasing Parties"), hereby releases and forever discharges Defendants, NYSP, and the State of New York, together with their present and former agencies, departments, divisions, subdivisions, subsidiaries, administrators, principals, officers, employees, directors, members, agents, attorneys, insurers, heirs and assigns, whether in an individual or official capacity, or any of them, or all of them (collectively, "the Released Parties") from all manner of claims, actions, proceedings, suits, grievances, grievances pursuant to any applicable collective bargaining agreement, administrative charges, injuries, debts, obligations, dues, sums of money, accounts, contracts, agreements, promises, damages, judgments, and demands whatsoever, direct or indirect, known or unknown, discovered or undiscovered, that

7

the Releasing Parties ever had, now has, or shall or may have in the future against some, any, or all of the Released Parties, related to or arising out of the acts, transactions, occurrences, or omissions which are described, alleged, or contained in the Action, or arising directly or indirectly from Plaintiff's employment or association with any of the Released Parties, including any and all claims under 42 U.S.C. §§ 1981-1988; Title VI of the Civil Rights Act of 1964, 42 U.S.C. § 2000d *et seq.*; Title VII of the Civil Rights Act of 1964, 42 U.S.C. § 2000e *et seq.*; Title IX of the Education Amendments of 1972, 20 U.S.C. § 1681 *et seq.*; the Rehabilitation Act of 1973, 29 U.S.C. § 794 *et seq.*; the Americans with Disabilities Act of 1990, 42 U.S.C. § 12101 *et seq.*; the Family and Medical Leave Act of 1993, 29 U.S.C. §2601 *et seq.*; the New York State Human Rights Law, N.Y. Exec. Law § 290 *et seq.*; the New York City Human Rights Law, N.Y.C. Admin. Code § 8-101 *et seq.*; N.Y. Labor Law §§ 194, 740, and 741; N.Y. Civ. Serv. Law § 75-b; the United States Constitution; the New York State Constitution; or any other claims, causes of action, rights, or administrative charges for relief, whether for moneys owed, equitable relief, costs, fees, or other expenses, including attorneys' fees.

      This General Release also includes a waiver and release of any and all claims related to allegations made before the U.S. Equal Employment Opportunity Commission, the New York State Division of Human Rights, and/or a local commission on human rights, as well as any and all claims against the State of New York, its agencies, departments, and officials in the New York Court of Claims or any other forum, administrative or otherwise, related to or arising from any transactions, acts, omissions, or occurrences up to and including the date of this Settlement Agreement.

      Plaintiff is not waiving or releasing any nonwaivable statutory protections, or waiving or releasing any claims that may arise after execution of this Settlement Agreement. Plaintiff is also

not waiving or releasing any claims under New York Military Law; any claims under N.Y. Labor Law §§ 220 to 224; or any unemployment benefit rights under the New York Unemployment Insurance Law. Additionally, nothing in this General Release prohibits Plaintiff from speaking with a law enforcement agency, the Equal Employment Opportunity Commission, the New York State Division of Human Rights, a local commission on human rights, or an attorney retained by an employee or potential employee, or testifying, assisting, or participating in an investigation, hearing, or proceeding conducted by any state, federal, or local government agency.

10. **No Other Action or Proceeding.** Other than the Action, Plaintiff represents that they have not commenced, maintained, or prosecuted any action, charge, complaint, grievance, or proceeding of any kind that is still pending against the Released Parties, on their own behalf or on behalf of any other person and/or on behalf of or as a member of any alleged class of persons, that none of the foregoing is currently pending in any court or before any administrative or investigative body or agency, and acknowledges that this representation constitutes a material inducement for Defendants to enter into this Settlement Agreement.

11. **Waiver of Attorneys' Liens.** The undersigned attorneys for Plaintiff do hereby release and waive any attorneys' lien they may have on the settlement proceeds in the Action pursuant to N.Y. Judiciary Law §§ 475 and 475-a or any other state or federal law, statute, contract, or otherwise.

12. **No Other Attorneys.** Plaintiff represents and warrants that, besides the undersigned attorneys for Plaintiff, there are no other attorneys that have a lien on the settlement proceeds in the Action pursuant to the provisions of N.Y. Judiciary Law §§ 475 and 475-a or any other state or federal law, statute, contract, or otherwise.

13. **No Prevailing Party.** Neither Plaintiff nor Defendants shall be deemed a

"prevailing party" for any purpose including, but not limited to, any statutory or contractual claim based upon "prevailing party" status with respect to the Action.

14. **No Admission of Liability.** It is understood and agreed that any actions taken or payments made pursuant to this Settlement Agreement are made solely to avoid the burdens and expense of protracted litigation, and that this Settlement Agreement and the actions taken or payments made pursuant hereto are not to be construed as constituting any determination on the merits of any claims in the Action or as constituting any admission of wrongdoing or liability on the part of Defendants or the State of New York (including, but not limited to, any and all present and former agencies, departments, divisions, subdivisions, subsidiaries, administrators, principals, officers, employees, directors, members, agents, attorneys, insurers, and assigns, whether in an individual or official capacity). Nothing contained in this Settlement Agreement shall be deemed to constitute a policy, practice, or custom of Defendants or the State of New York (including, but not limited to, any and all present and former agencies, departments, divisions, subdivisions, subsidiaries, administrators, principals, officers, employees, directors, members, agents, attorneys, insurers, and assigns, whether in an individual or official capacity).

15. **No Precedential Value.** This Settlement Agreement shall not in any manner be construed as determinative of the issues or claims raised in the Action or any other proceeding, and shall have no precedential value. In addition, notwithstanding the provisions of any paragraph herein, this Settlement Agreement shall not bind or collaterally estop Defendants or the State of New York (including, but not limited to, any and all present and former agencies, departments, divisions, subdivisions, subsidiaries, administrators, principals, officers, employees, directors, members, agents, attorneys, insurers, and assigns, whether in an individual or official capacity) in any pending or future actions or proceedings in which the same or similar issues are raised, from

defending any and all issues raised in said actions or proceedings, or from advancing any and all available defenses.

      16.    **Authority.** Each signatory to this Settlement Agreement hereby represents and warrants that they have the requisite authority to enter into this Settlement Agreement and have not previously assigned or transferred any rights or interests with respect to the matters covered by this Settlement Agreement.

      17.    **Voluntary Agreement.** Plaintiff represents that they have carefully read and fully understand all provisions of this Settlement Agreement, including the General Release. Plaintiff represents that they have executed and delivered this Settlement Agreement voluntarily after being fully informed of its terms, contents, and effect, and acknowledges that they understand its terms, contents, and effect. Plaintiff acknowledges that no compromise or representation of any kind, other than as set forth or referred to herein, has been made to any party or anyone acting on behalf of any party.

      18.    **Negotiated Agreement.** The Parties acknowledge that each party has cooperated in the drafting and preparation of this Settlement Agreement. The language in all parts of this Settlement Agreement shall be in all cases construed according to its fair meaning and not strictly for or against any party.

      19.    **Binding Effect on Successors and Assigns.** The terms and conditions of this Settlement Agreement shall inure to the benefit of, and be binding upon, the successors and assigns of each party hereto.

      20.    **Entire Agreement.** This Settlement Agreement constitutes the entire agreement between the Parties hereto pertaining to the subject matter hereof, and supersedes and embodies, merges and integrates all prior and current agreements and understandings of the parties hereto,

whether written or oral, with respect to the subject matter of this Settlement Agreement, and may not be clarified, modified, changed, or amended except in a writing duly executed by the parties hereto or an authorized representative of the parties hereto.

21. **Governing Law.** The terms of this Settlement Agreement shall be governed by, and construed in accordance with, the laws of the State of New York applicable to contracts to be performed wholly within the State of New York, except to the extent that federal law may apply to Plaintiff's release and waiver of federal claims pursuant to Paragraph 9 of this Settlement Agreement.

22. **Severability.** With the exception of Paragraphs 1, 2, 3, 8, 9 and 10 of this Settlement Agreement, if any other provision of this Settlement Agreement shall be held by a court of competent jurisdiction to be invalid, void, or unenforceable in whole or in part, such decision shall not invalidate the remaining portion or affect its validity.

23. **Headings.** The headings contained in this Settlement Agreement are for convenience of reference only and are not a material part of this Settlement Agreement.

24. **Counterparts.** This Settlement Agreement may be executed in several counterparts, each of which shall be deemed an original and which, taken together, shall constitute one and the same instrument.

25. **Submission to the Court.** This Settlement Agreement shall be submitted without further notice to the Court to be "So Ordered."

WHEREFORE, the Parties hereto acknowledge that they have read this Settlement Agreement and accept and agree to the provisions contained herein, and have each executed this Settlement Agreement to be effective on the day and date first above written.

Dated: JANUARY 29, 2025

_____
SCHASHUNA D. WHYTE

STATE OF NEW YORK      )
                       ) ss.:
COUNTY OF QUEENS       )

On the 29 day of JANUARY, 2025, before me personally came and appeared SCHASHUNA D. WHYTE, personally known to me or proved to me on the basis of satisfactory evidence to be the individual whose name is subscribed to the within instrument, and acknowledged to me that they executed the same in their capacity, and that by their signature on the instrument, the individual, or the person upon behalf of which the individual acted, executed the instrument.

_____
NOTARY PUBLIC

ORLANDO VILLA
Notary Public, State of New York
Registration No. 01VI6441430
Qualified in Bronx County
Commission Expires Sep. 26, 2026

Dated: _____, 2025
New York, New York

The Sanders Firm, P.C.
*Attorneys for Plaintiff*
By: _____
Eric Sanders, Esq.
30 Wall Street, 8th Floor
New York, New York 10005
(212) 652-2782
esanders@thesandersfirmpc.com

Dated: 1/30/2025, 2025
New York, New York

LETITIA JAMES
Attorney General
State of New York
*Attorney for Defendants*
By: _____
Yuval Rubinstein
Assistant Attorney General
28 Liberty Street
New York, New York 10005
(212) 416-8673
yuval.rubinstein@ag.ny.gov

SO ORDERED:

Dated: _____, 2025
      Brooklyn, New York

_____
Honorable Nicholas G. Garaufis
United States District Judge